Harvey L. Pegram has petitioned this Court for a writ of mandamus directing the Marshall Circuit Court to dissolve a stay and to set his case for trial.
Pegram and William J. Hebding were two of the principals that founded Comptronix Corporation in 1984. Pegram and Hebding developed professional and personal differences regarding Comptronix; Hebding, as chief executive officer, demoted Pegram from the position of executive vice president in charge of material management and procurement and subsequently discharged him. Pegram sued Comptronix and Hebding, alleging breach of contract, fraud, and tortious interference with contractual relations. While the case was pending, Comptronix announced that it had discovered irregularities in its accounting records and that those irregularities invalidated quarterly and annual financial reports; Hebding was dismissed from Comptronix. Pegram then amended his complaint, alleging that Hebding had driven him from Comptronix in order to implement and perpetrate the fraudulent accounting scheme. Hebding filed a motion to stay, stating, in part:
 "Defendant Hebding is informed and believes and, upon such information and belief, states to the Court that criminal investigations may still be pending pertaining to him. Those investigations, to some extent, involve facts related to some of the facts alleged in the plaintiff's complaint. In all fairness, those investigations should be completed prior to any civil trial which involves the same facts as the investigation."
The trial court granted the motion, stating, in part:
 "The Court has set this matter for trial on May 9, 1994, and were it in this Court's discretion, the Court would try this case at that time. However, the Court believes that as a matter of law, not as a matter of discretion, Mr. Hebding is entitled to a stay of this matter until all statutes of limitations have run pertaining to any crimes he may have committed which relate to the facts of this lawsuit, which the Court is informed may be as long as seven and one-half (7 1/2) years."
Pegram then filed his mandamus petition in this Court.
Pegram argues that the trial court should dissolve the stay because, he argues, Hebding was not entitled to a stay as a matter of law. Pegram contends (1) that there is no evidence that Hebding is under criminal investigation; (2) that the stay interferes with his due process right to have the case tried; (3) that the burden has been improperly placed on him to prove that Hebding is not under criminal investigation; and (4) that Hebding waived any right he had to stay this matter.
The Fifth Amendment privilege against self-incrimination must be liberally construed in favor of the accused, Hoffman v.United States, 341 U.S. 479, 71 S.Ct. 814, 95 L.Ed. 1118
(1951), and the privilege is applicable in state as well as in federal proceedings, Malloy v. Hogan, 378 U.S. 1,84 S.Ct. 1489, 12 L.Ed.2d 653 (1964), and in civil as well as in criminal proceedings, Wehling v. Columbia Broadcasting System,608 F.2d 1084 (5th Cir. 1979); Ex parte Baugh, 530 So.2d 238
(Ala. 1988). Under Baugh and the cases quoted and cited therein, however, the Fifth Amendment does not mandate a stay of *Page 646 
civil proceedings pending the outcome of criminal proceedings; whether to grant a stay, based on a balancing of the interests of the parties — i.e., contrasting the interest of a party in postponing the civil proceedings with the possible prejudice to the party who wishes the litigation to go forward — is within the trial court's discretion.
The dispositive issue in Baugh was: "Consistent with principles of the Fifth Amendment privilege against self-incrimination, can the petitioner here be compelled to testify in a civil proceeding while there is a parallelcriminal action pending against her?" 530 So.2d at 241 (emphasis added). We held that she could not be. In the present case, however, the trial court, in its order, stated: "There is no record before this court showing that Mr. Hebding is under criminal investigation or indictment, nor is there any record as to what crimes Mr. Hebding may be being investigated for." Therefore, applying the Baugh standard, we must conclude that the evidence before the trial court was insufficient to require a stay of Pegram's action and that the trial court erred by not balancing the interests of the parties.
Although the writ of mandamus is a drastic and extraordinary remedy, to be issued only where the petitioner has a clear and indisputable right to the order sought, Ex parte Nissei SangyoAmerica, Ltd., 577 So.2d 912 (Ala. 1991), Pegram has established this right. Thus, the petition for a writ of mandamus is granted.
WRIT GRANTED.
MADDOX, SHORES, KENNEDY and INGRAM, JJ., concur.