Walter J. Price, Jr., seeks a writ of mandamus compelling Judge Joseph Battle of the Circuit Court of Madison County to vacate his order of March 14, 1997, denying Price's request for a stay of civil proceedings against him pending the resolution of criminal investigations into his activities regarding the administration of estates. We deny the writ.
This matter arises out of the administration of the estate of Joe Thomas Robinson. Price, as the administrator of that probate estate, removed the case from the Probate Court of Madison County to the circuit court, and on January 28, 1994, filed a petition in the circuit court for a final settlement. Thereafter, Price sought numerous delays regarding that petition for final settlement; finally, on July 10, 1996, the sole heir to the estate, the respondent Lyndell L. Robinson, successfully sought to have Price removed as administrator. The heir also sued Price, alleging, among other things, that Price had converted estate assets to his own use. The heir also sued the bonding company that the heir says had issued a bond assuring Price's proper performance of his duties as administrator.
Price, an attorney in private practice, had been appointed to act as the administrator of numerous probate estates in Madison County — he was referred to as the "county administrator" — and he has become the target of ongoing criminal investigations related to his handling of estate moneys. As to these investigations, Price contends that if discovery proceeds in Robinson's civil action he will have to elect between exercising his Fifth Amendment right not to incriminate himself, *Page 112 
and fully defending himself against the civil claims.
For the writ of mandamus to issue, the petitioner must show, among other things, "a clear legal right . . . to the order sought." Ex parte Bloodsaw, 648 So.2d 553, 554 (Ala. 1994). It does not appear that a full stay of the heir's claims is needed to protect Price's Fifth Amendment rights. For example, Price does not indicate in his petition why discovery could not properly proceed as to the defendant bonding company.
In Ex parte White, 551 So.2d 923 (Ala. 1989), we discussed the interests that must be weighed in a case like this: on the one hand a litigant's interest in asserting the Fifth Amendment privilege, and on the other, the opposing litigant's interest in preventing prejudice that might be caused by a postponement. We emphasized in White that to stay proceedings in the civil actions until the related criminal proceedings were completed was the only way the court could guarantee that the petitioner's Fifth Amendment right against incrimination would be preserved. We stated: "Weighing [the petitioner's] interest in postponing the civil actions against the prejudice that might result to [the opposing litigant] because of the delay, we are compelled to postpone them. This solution is the only method of guaranteeing [the petitioner's] Fifth Amendment privilege." Id. at 925.
We have also stated: "[I]n balancing the interests of the parties, we must favor the constitutional privilege against self-incrimination over the interest in avoiding the delay of a civil proceeding." Ex parte Coastal Training Institute,583 So.2d 979, 981 (Ala. 1991). In sum, to the extent necessary to ensure protection of the privilege, concerns about delays must yield.
It is clear that Price's Fifth Amendment rights can be adequately protected while the case proceeds in some limited way. Certainly, it appears that discovery not requiring Price either to testify or to produce documents could continue without putting Price in a position that might call for him to incriminate himself in order to comply.
In this regard, the heir suggests that we should direct the trial court to issue a protective order that would protect Price from being deposed or that would prevent Price from being required to produce documents but that would otherwise permit the heir to proceed with discovery. However, nothing before us indicates that Price seeks anything less than a full stay or that the trial court has denied any request for a protective order.[1]
WRIT DENIED.
HOOPER, C.J., and MADDOX, SHORES, and SEE, JJ., concur.
HOUSTON and COOK, JJ., dissent.
[1] In a mandamus proceeding, we would not direct a court to take some action it has not previously refused to take. SeeBloodsaw, 648 So.2d at 554 (stating as one of the prerequisites for the issuance of the writ of mandamus that there be "an imperative duty upon the respondent [official] to perform,accompanied by a refusal to do so" (emphasis added)).