The plaintiff, Kenneth Steiner, petitions for a writ of mandamus directing Judge Ferrill D. McRae of the Mobile County Circuit Court. to grant Steiner's motion to compel the defendant AmSouth Bancorporation ("AmSouth Bank") to respond to discovery. We deny the writ.
Steiner opened a checking account with AmSouth Bank in 1988. In October 1988, Steiner obtained a loan from AmSouth to purchase an automobile. In May 1991, Steiner filed a Chapter 13 bankruptcy petit:ion. AmSouth was given notice of Steiner's bankruptcy proceeding and filed a proof of claim in the amount of $1,849.20. On or about June 28, 1994, the bankruptcy court closed Steiner's bankruptcy case and discharged charged from all debts provided for by the plan.
In August 1996, AmSouth debited Steiner's checking account in the amount of $204.67. Steiner notified AmSouth that the debt to AmSouth had been included in his bankruptcy proceeding and was discharged. Thereafter, AmSouth again debited Steiner's account in the amount of $223.90.
On May 30, 1997, Steiner sued AmSouth Bank and several fictitiously named parties, alleging negligence, wantonness, conversion, defamation, and breach of fiduciary duty. Filed with the complaint were interrogatories and a request for production of documents. *Page 600 
Steiner's discovery request included the following interrogatories:
 "(7) Please provide the name and address (or if unknown, the last known address) of every individual who had both checking accounts and loans with AmSouth Bank who filed Chapter 13 proceedings in the last 10 years.
 "(8) Please provide the name and address (or if unknown, the last known address) of every individual who had both savings accounts and loans with AmSouth Bank who filed Chapter 13 proceedings in the last 10 years."
On August 4, 1997, AmSouth responded to Steiner's requests for discovery, specifically objecting to interrogatories 7 and 8. After making several attempts to resolve the discovery dispute outside court, Steiner's attorney moved to compel AmSouth to answer the remaining discovery requests. After an ore tenus hearing, the trial court denied Steiner's motion to compel discovery. This petition for the writ of mandamus followed.
A petition for a writ of mandamus is the appropriate vehicle for challenging a trial court's ruling on a discovery motion. ExParte Life Ins. Co. of Georgia, 663 So.2d 929 (Ala. 1995). Mandamus is an extraordinary remedy, and the petitioner must show that there is: (1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court. Ex ParteBrooks, 572 So.2d 409, 410 (Ala. 1990); Ex Parte Johnson,638 So.2d 772, 773 (Ala. 1994). In addition. the trial court is vested with a considerable amount of discretion regarding discovery matters, and the standard applied on mandamus review is whether the petitioner has made a clear showing that the trial court abused its discretion. Ex parte Compass Bank,686 So.2d 1135, 1137 (Ala. 1996).
Steiner argues that AmSouth waived its objection to the discovery requests and that the information sought would provide potential evidence of motive, intent, practice, knowledge, absence of mistake, and scheme. However, AmSouth's objections were specific and timely, and we can fine no merit on Steiner's waiver claim.
As support for its position, AmSouth filed an affidavit indicating that providing the information requested would require the manual review of "tens of thousands of files." In 1997, AmSouth received approximately 2,500 notices of bankruptcy filings that related to loans. Interrogatories 7 and 8 would require AmSouth to cross-reference 10 years of bankruptcy filings with all of its checking and savings accounts for the same period. Putting aside the number of checking and savings account records, one could reasonably estimate that Steiner's discovery request would involve well over 20,000 bankruptcy records alone.
The trial court has broad powers to control the use of the discovery process, and Steiner has not clearly shown that the trial court abused its discretion by denying his motion to compel discovery. Steiner's petition for the writ of mandamus is, therefore, denied.
WRIT DENIED.
HOOPER, C.J., and MADDOX, ALMON, SHORES, HOUSTON, COOK, and SEE, JJ., concur.
LYONS, J., recused himself.