763 So.2d 946 (2000)
Ex parte Stephen R. WINDOM.
(Re Garfield W. Ivey, Jr. v. Stephen R. Windom et al).
1990279.
Supreme Court of Alabama.
February 11, 2000.
*948 Larry U. Sims, Charles H. Dodson, Jr., and Joseph D. Steadman of Helmsing, Sims & Leach, P.C., Mobile, for petitioner.
Barry A. Radsdale of Ivey & Ragsdale, Birmingham, for respondent.
ENGLAND, Justice.
Stephen R. Windom, a defendant in a civil action pending in the Walker Circuit Court, seeks a writ of mandamus directing Judge Hugh Beaird to stay discovery in that action. Windom wants discovery stayed pending a ruling on his motion to transfer that case and pending the criminal trial of Garfield W. Ivey, Jr., who is the plaintiff in the civil action against Windom.
During Windom's 1998 campaign for Lieutenant Governor, Melissa Myers Bush, a Mobile resident, sued him, claiming that he had sexually assaulted her while she was working as a prostitute. Windom in turn sued Bush and a person named Scott Nordness. Windom alleged that Nordness had paid Bush to give false testimony against Windom. He also alleged that a group of "trial lawyers" had conspired against him in regard to the Bush case and that the hiring of Bush's attorney and the formation of the conspiracy among trial lawyers had been orchestrated by "a prominent trial attorney." News media reported that the lawyer Windom was referring to was Ivey. A Mobile County grand jury began a criminal investigation of whether Ivey may have been involved in the alleged conspiracy.
On August 16, 1999, Ivey filed his action against Windom and several fictitiously named parties. He alleged defamation, abuse of process, and civil extortion. Ivey alleged that Windom had caused false and defamatory statements concerning Ivey to be published; that Windom had abused the legal processes for personal and political goals; and that Windom had used and had attempted to use the criminal investigation for the purpose of extorting money from Ivey as a settlement of a civil matter. On the same day, the grand jury returned an indictment against Ivey charging him with bribery, conspiracy to commit bribery, witness tampering, and criminal defamation.[1]
"Mandamus is the `proper means of review to determine whether a trial court has abused its discretion in ordering discovery, in resolving discovery matters, and in issuing discovery orders so as to prevent an abuse of the discovery process by either party.'" Ex parte Compass Bank, 686 So.2d 1135, 1137 (Ala.1996), quoting Ex parte Mobile Fixture & Equip. Co., 630 So.2d 358, 360 (Ala.1993). Mandamus is an extraordinary remedy and one seeking it must show (1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) a lack of another remedy; and (4) properly invoked jurisdiction of the court. Id. This Court has held:
"Because discovery involves a considerable amount of discretion on the part of the trial court, the standard this Court will apply on mandamus review is whether there has been a clear showing that the trial court abused its discretion. Rule 26(c), Ala.R.Civ.P., recognizes that the right to discovery is not unlimited, and the trial court has broad powers to control the use of the process to prevent its abuse by any party."
Id. (citations omitted).
Windom argues that Walker County is a "patently improper" venue for the trial of *949 Ivey's civil action because, he says, none of the defamatory statements that Ivey alleges was made in Walker County. Proper venue for Ivey's action is determined by § 6-3-2(a)(3), Ala. Code 1975. That section provides that personal actions against individuals may be commenced in the county in which the defendant resides or in the county in which the act or omission complained of may have been committed or occurred. This Court has held that in actions in which the plaintiff alleges the publication of libelous matter in a newspaper article, venue lies in the county in which the newspaper is primarily published and not in other places where it is merely circulated. Age-Herald Publishing Co. v. Huddleston, 207 Ala. 40, 92 So. 193 (1921); Ex parte Wilson, 408 So.2d 94, 97 (Ala.1981); Ex parte Arrington, 599 So.2d 24, 26 (Ala.1992).
Windom is a resident of Mobile County. Ivey says in his complaint that many of the acts, events, or omissions that he alleges on the part of Windom either were committed against him in Walker County or occurred there. Windom argues that none of the alleged defamatory statements was made in Walker County. Windom filed a motion to transfer Ivey's action, but the trial judge (Judge Beaird) has not ruled on that motion.[2] This Court will not, on a mandamus petition, direct a trial court to take some action it has not refused to take. See Ex parte Price, 698 So.2d 111, 112 n. 1 (Ala.1997).
There appears to be some dispute about whether some of the statements Ivey complains of were made in Walker County.[3] Therefore, Windom has not shown a clear legal right to an order staying discovery pending a ruling on his motion to transfer. Nor has Windom shown the second requirement for a writ of mandamusan imperative duty upon the respondent judge to perform, accompanied by a refusal to do sobecause the trial judge has not refused to transfer the action. Furthermore, no law requires a trial judge to delay discovery in an action pending a ruling on a motion to transfer. In fact, Ivey contends that one of the purposes for seeking discovery, specifically by deposing Windom, is to obtain information relevant to the motion to transfer and to examine Windom in regard to assertions Windom made in an affidavit in support of the motion to transfer. At a minimum, Ivey is entitled to obtain discovery regarding the statements made in Windom's affidavit, which was attached to the motion to transfer. We cannot say that the trial judge abused his discretion in denying the motion to stay discovery pending his ruling on the motion to transfer.
Windom also argues that the trial court should have stayed discovery in Ivey's civil action pending a resolution of the criminal case against Ivey. Windom contends that Ivey's discovery in the civil case will be aimed at securing depositions of prosecution witnesses, harassing the victim of the crime by deposing Windom and his former attorney, and interfering with the criminal trial by using news media to expose potential jurors to information disclosed by the civil discovery.
*950 Rule 26(c), Ala. R. Civ.P., gives the trial court discretion to postpone discovery in a civil action when justice requires a postponement in order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." This Court has, in similar situations, refused to require a trial court to stay discovery in a civil case, or stay a civil proceeding entirely, pending resolution of a criminal case. See Ex parte McMahan, 507 So.2d 492 (Ala.1987) (writ of mandamus issued after this Court concluded that the trial court had abused its discretion by staying all forms of discovery in a civil case during pendency of a related criminal case); Ex parte Price, 698 So.2d 111 (Ala. 1997)(Court denied a writ of mandamus requested by an attorney who had been denied a stay of civil proceedings pending resolution of a criminal investigation of him, holding that his Fifth Amendment rights could be adequately protected while the civil case proceeded in some limited way); and Ex parte Weems, 711 So.2d 1011 (Ala.1998)(Court denied a writ of mandamus, holding that pending criminal and civil actions were not parallel proceedings and, thus, that a stay of discovery in the civil action was not necessary to protect the petitioner's Fifth Amendment right against self-incrimination).
The criminal action against Ivey and Ivey's civil action against Windom are separate actions, even though they may arise from the same set of facts. Neither pending action involves any Fifth Amendment right against self-incrimination on the part of Windom that could be violated by the court's allowing the parties in the civil action to proceed with discovery. Ivey has waived his Fifth Amendment right against self-incrimination. "[T]he Fifth Amendment does not mandate a stay of civil proceedings pending the outcome of criminal proceedings; whether to grant a stay, based on a balancing of the interests of the partiesi.e., contrasting the interest of a party in postponing the civil proceedings with the possible prejudice to the party who wishes the litigation to go forward is within the trial court's discretion." Ex parte Pegram, 646 So.2d 644, 645-46 (Ala.1994) This Court cannot issue a writ of mandamus based upon the allegation of one party to a civil action that the other party may in that civil action use the discovery process to interfere with a pending criminal proceeding. The trial court has broad powers to control the use of the discovery process. Ex parte Steiner, 730 So.2d 599, 600 (Ala.1998). Windom has not shown that the trial judge abused his discretion in denying Windom's motion to stay discovery in the civil case pending resolution of Ivey's criminal case. Therefore, the petition for the writ of mandamus is denied.
PETITION DENIED.
MADDOX, COOK, BROWN, and JOHNSTONE, JJ., concur.
HOUSTON and SEE, JJ., concur specially.
LYONS, J., recuses himself.
SEE, Justice (concurring specially).
Given the disputed issues of fact concerning whether Walker County is a proper venue for Ivey's civil action, I must conclude that Ivey is entitled to conduct limited discovery with respect to the question of proper venue, so that the trial court can determine whether the case should proceed in Walker County. See Ex parte McMahan, 507 So.2d 492, 493 (Ala.1987). The petitioner Windom has not made a clear showing that the trial court abused its discretion in not ruling on his motion to transfer (a motion based on claims of improper venue, Ala.Code 1975, § 6-2-3, and, alternatively, the doctrine of forum non conveniens, § 6-3-21.1) or in denying his motion to stay all discovery pending a ruling on that motion; therefore, I must concur in denying the petition for the writ of mandamus. See Ex parte Nichols, 757 So.2d 374 (Ala.1999); Ex parte Children's *951 Hosp. of Alabama, 721 So.2d 184, 186 (Ala. 1998).
HOUSTON, J., concurs.
NOTES
[1] A trial on that indictment was set for December 8, 1999, in Mobile County. However, the trial was delayed when the trial judge recused himself from the case.
[2] At a hearing on November 3, 1999, the following conversation occurred regarding Windom's motion to transfer:

"[WINDOM'S ATTORNEY]: And Your Honor indicated that you did not wish to rule or would not rule on [the motion to transfer] until after the new year, is my understanding.
"THE COURT: That's correct. Here's what I told you folks, and here's what I told the other people: Just because two lawyers in Alabama have a disagreement, that doesn't mean I'm going to drop all my cases and take care of them and run them ahead of everybody else, and that's the same way with my motion docket. We got one everythe first Wednesday in every month, and I ask the clerk to put so many on and I figure that it will be, you know, then until we get a chance to hear the motion."
[3] The statements by Windom alleged in Ivey's complaint were published in a Jasper newspaper; Jasper is located in Walker County.