MADDOX, Justice.
This mandamus petition raises the question whether a party who has moved to transfer a case to another venue is entitled, while the transfer motion is pending, to have all matters of discovery in the pending case limited to issues relating to the motion to transfer.
Stephen R. Windom is a defendant in a civil action filed by Garfield W. Ivey, Jr. That action is pending in the Walker Circuit Court. This is the second time Windom has sought mandamus relief from this Court relating to the scope of discovery pending the trial judge’s ruling on his motion to transfer. Windom’s motion sought to transfer the action to the Mobile Circuit Court. See our opinion of February 11, 2000, in Ex parte Windom, 763 So.2d 946 (Ala.2000), in which this Court denied Windom’s earlier mandamus petition.
Following this Court’s February 11 decision, Windom moved the trial court to limit discovery in the Walker County action “to issues relating to [the defendant Windom’s] motion to transfer.” The trial court held a hearing on that new motion on April 6, 2000, and it denied that motion in an order dated April 11, 2000 (the “discovery order”). In that discovery order, the trial judge wrote:
“IT IS THEREFORE CONSIDERED, ORDERED, ADJUDGED AND DECREED BY THIS COURT AS FOLLOWS:
“1. That defendant’s Motion for a Protective Order requesting the Court to limit the scope of discovery to the venue issue alone be and the same is hereby denied and overruled.
[[Image here]]
*801 “4. That the attorney(s) of record for both parties are hereby ordered to advise the Court in writing as soon as discovery is completed, and the Court will set the Motion to Transfer Venue heretofore filed by defendant as soon thereafter as is possible.”
(Exhibit J to mandamus petition at 3.) As of April 12, 2000, Windom had not filed an answer in the Walker County action; the trial court on that date entered an order (the “answer order”) directing Windom to answer Ivey’s complaint.
In this second mandamus petition, Windom asks this Court to direct the Walker Circuit Court (1) to vacate its discovery order and its answer order and (2) to grant Windom’s motion to limit discovery to the venue issue. For the reasons discussed below, we grant Windom’s mandamus petition. We direct the trial court to vacate the two orders and to limit discovery to the venue issue and to the issues set out in the affidavit Windom attached to his motion to transfer.
In this Court’s February 11, 2000, opinion, we stated:
“ ‘Mandamus is the “proper means of review to determine whether a trial court has abused its discretion in ordering discovery, in resolving discovery matters, and in issuing discovery orders so as to prevent an abuse of the discovery process by either party.’ ” Ex parte Compass Bank, 686 So.2d 1135, 1137 (Ala.1996), quoting Ex parte Mobile Fixture & Equip. Co., 630 So.2d 358, 360 (Ala.1993). Mandamus is an extraordinary remedy and one seeking it must show (1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) a lack of another remedy; and (4) properly invoked jurisdiction of the court. Id. This Court has held:
“ ‘Because discovery involves a considerable amount of discretion on the part of the trial court, the standard this Court will apply on mandamus review is whether there has been a clear showing that the trial court abused its discretion. Rule 26(c), Ala. R. Civ. P., recognizes that the right to discovery is not unlimited, and the trial court has broad powers to control the use of the process to prevent its abuse by any party.’
“Id. (citations omitted).”
Windom, 763 So.2d at 948. We apply these standards in considering this present mandamus petition.
The parties sharply disagree on the scope of this Court’s February 11 opinion. Ivey contends that Windom’s petition, as it relates to the trial court’s discovery order, should be denied because, he argues, this Court’s February 11 opinion contained language explicitly sanctioning the action the trial court took when it entered the discovery order. As support for that argument, Ivey relies heavily on the following statement in this Court’s February 11 opinion: “[N]o law requires a trial judge to delay discovery in an action pending a ruling on a motion to transfer.” 763 So.2d at 949. In other words, Ivey argues that in its February 11 opinion this Court held that a trial judge may require that discovery proceed without limitation while the court considers a motion to transfer. We disagree with Ivey’s interpretation of that statement in our February 11 opinion; that statement was made in the context of this Court’s answer to Windom’s argument that he was entitled to have all discovery stayed pending a ruling on the motion to transfer. We disagreed with Windom’s argument, and we held that he was not entitled to have all discovery stayed. However, our opinion did not hold that there may be, or should be, no limits on discovery pending a ruling on the motion to transfer. The contours of our holding become more evident when one considers the statement Ivey relies upon in the light of the sentences that immediately follow it in our February 11 opinion:
*802 “[N]o law requires a trial judge to delay discovery in an action pending a ruling on a motion to transfer. In fact, Ivey contends that one of the purposes for seeking discovery, specifically by deposing Windom, is to obtain information relevant to the motion to transfer and to examine Windom in regard to assertions Windom made in an affidavit in support of the motion to transfer. At a minimum, Ivey is entitled to obtain discovery regarding the statements made in Windom’s affidavit, which was attached to the motion to transfer. We cannot say that the trial judge abused his discretion in denying the motion to stay discovery pending his ruling on the motion to transfer.”
Windom, 763 So.2d at 949. (Emphasis added.) Thus, taken out of context, the statement Ivey relies upon might appear to support his argument that Windom’s mandamus petition is due to be denied. However, this Court’s February 11 decision stands for the sole proposition that Windom was not entitled to have all discovery stayed.
Windom requests, in essence, that we order the trial judge to vacate his discovery order and to enter a protective order limiting discovery to the venue issue, pending a ruling on the transfer motion. That request requires us, first, to determine what exactly the trial judge has ordered.
As stated above, the trial court ordered: “[T]he attorney(s) of record for both parties are hereby ordered to advise the Court in writing as soon as discovery is completed, and the Court will set the Motion to Transfer Venue heretofore filed by defendant as soon thereafter as is possible.”
Windom and Ivey disagree over the meaning of this portion of the trial court’s order. Ivey argues that the trial court had “instructed the parties to promptly proceed with discovery and [had] indicated that Windom’s motion to transfer would receive a prompt hearing.” (Respondent’s brief at 10 n. 4.) He argues that the trial court’s written order did not imply that all discovery must be completed before the trial court would rule on the motion to transfer. Windom, on the other hand, argues that the trial judge mandated that all discovery be completed before he would rule on the motion to transfer. Limited, as we are, to the materials presented for our review, and because the trial judge did not qualify the phrase “discovery is completed” with any language indicating that by using the word “discovery” he intended to refer to anything less than full discovery, we agree with Windom that the language of the order requires that all discovery be completed before the court will consider the motion to transfer.
We now consider Windom’s petition in light of our conclusion that the trial judge ordered that all discovery be completed before he would rule on the motion to transfer. Two arguments are implicit in Windom’s petition: (1) That a ruling on the motion for transfer should not be delayed until all discovery is completed; and (2) That discovery on the merits should be delayed until after the trial court rules on the motion to transfer. We will address each argument in turn.
We recognize that Windom’s motion to transfer is properly considered as a motion under Rule 12(b)(3), Ala. R. Civ. P. 1 Champ Lyons, Jr., Alabama Rules of Civil Procedure Annotated, § 12.4 (3d ed.1996). Under the provisions of Rule 12(a), Ala. R. Civ. P., the trial judge had the discretion, which he exercised, to delay his ruling on a Rule 12(b)(3) motion even up until the trial on the merits; thus, the sole question presented by this petition is whether the trial judge abused his discretion by refusing to grant a protective order limiting discovery to the venue issue. We find support for Windom’s argument in McDonnell Douglas Corp. v. Polin, 429 F.2d 30 (3d Cir.1970). In that case, the federal trial court “held that all matters of discovery should be fully completed before any action is taken on” a motion to trans *803 fer. 429 F.2d at 30. The United States Court of Appeals for the Third Circuit concluded that judicial economy is served when the trial court that will oversee the trial also considers discovery matters, but it also held that “it [was] not proper to postpone consideration [of the motion to transfer] until discovery on the merits is completed, since it is irrelevant to the determination of the preliminary question of transfer.” Id. at 30-31. Similarly, we conclude, based on the particular facts of this case, that the trial judge has abused his discretion.
The question of proper venue is a threshold matter that must be raised at the beginning of the litigation. See Fleming James, Jr., et al., Civil Procedure, § 2.1 at 50 (4th ed.1992). In this case, Windom, citing both Rule 82(b)(1)(A), Ala. R. Civ. P., and § 6-3-2(a)(3), Ala.Code 1975,[1] timely moved to transfer the case from Walker County to Mobile County, arguing that the case should be transferred because Walker County is an improper venue.[2] Rule 82(d), Ala. R. Civ. P., provides:
“When an action is commenced laying venue in the wrong county, the court, on timely motion of any defendant, shall transfer the action to the court in which the action might have been properly filed and the case shall proceed as though originally filed therein.”
(Emphasis added.) Thus, if venue is improper in Walker County, the trial court does not have the discretion to refuse to transfer the action — the trial court “shall” transfer the action. See Ex parte Hawkins, 497 So.2d 825 (Ala.1986), and Ex parte Parker, 413 So.2d 1105 (Ala.1982). Therefore, as a general rule, a trial court should rule on a motion alleging improper venue as expeditiously as possible. Compare Snow v. Yates, 99 N.C.App. 317, 319, 392 S.E.2d 767, 768 (1990) (a North Carolina trial court “must consider and determine [a venue] motion before it takes any other action”).
We also point out that in reaching the conclusion we do, we have carefully considered the arguments of both parties. Both Windom and Ivey cite, as support for their arguments, 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure, § 2040 (1994). The fact that both sides find support in the same section demonstrates the difficulty we have experienced in deciding this case. The authors of that treatise write:
“Ever since the days of the former equity bill for discovery there has been applied to discovery ‘the principle of judicial parsimony,’ by which, when one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided. In accordance with this principle — a salutary principle if it is applied sparingly and with real discretion rather than as an absolute rule — a court may decide that in a particular case it would be wise to stay discovery on the merits until challenges to jurisdiction have been resolved....
“These limitations must be applied discriminatingly rather than as a matter of rote, however. Justice Cardozo’s words for the Supreme Court years ago remain true today:
“ ‘Help for the solution of problems of this order is not to be looked for in restrictive formulas. Procedure must have the capacity of flexible adjustment to changing groups of facts. The law of discovery has been invested at times with unnecessary mystery. There are few fields where consideration of practical convenience should play a larger role.’
*804 “Thus, if the transactions involved are so interrelated that a limitation to specific matters would frustrate the inquiry or a limitation would lead to wasted effort by requiring two depositions to be taken of the same witness a court is well justified in refusing a limitation.”
Id. at pp. 521-26.
We do not hold that trial judges must limit discovery to the venue issue in every case in which a transfer motion is pending. We agree that a blanket rule limiting discovery to the issue of venue, once a motion to transfer has been filed, is not generally desirable and that the principle that trial judges may limit discovery to a threshold matter like venue is “a salutary principle if it is applied sparingly and with real discretion rather than as an absolute rule.” We believe the particular facts of this case present an instance in which the trial judge should have limited discovery to the venue issue and, as this Court implied in its February 11, 2000, opinion, “the statements made in Windom’s affidavit, which was attached to the motion to transfer.” Windom, 763 So.2d at 949.
Windom argues that the trial judge abused his discretion by ordering Windom to file an answer. Windom argues that he should not be required to file an answer until the question of venue is resolved. In view of our holding on the other issue, we agree with Windom.
Finally, Ivey filed a motion in this Court to strike certain portions of Windom’s reply brief. We deny that motion.
We grant the petition and issue a writ directing the trial court to vacate its order of April 11, 2000, concerning discovery, and its order of April 12, 2000, directing Windom to file an answer. The trial court, pending its ruling on the motion to transfer, should limit discovery to the venue issue and to the statements made in Windom’s affidavit, which was attached to the motion to transfer.
MOTION TO STRIKE DENIED; PETITION GRANTED; WRIT ISSUED.
HOOPER, C.J., and HOUSTON, COOK, SEE, BROWN, JOHNSTONE, and ENGLAND, JJ., concur.
LYONS, J., recuses himself.

. See 2 Champ Lyons, Jr., Alabama Rules of Civil Procedure Annotated, § 82.1 (3d ed.1996), for a discussion of the interplay of the Code section and the rule.

. Windom also asserted that the case should be transferred under the provisions of § 6-3-21.1, Ala.Code 1975, Alabama's forum non conveniens statute.