PER CURIAM.
Kenworth of Birmingham, Inc. (“Ken-worth”), and Bryan Harland are defendants in an action pending in the Fayette Circuit Court. They petition for a writ of mandamus directing Judge James Moore to vacate two orders allowing general unlimited discovery. We grant the petition.
I.
In July 1999, Newman Trucking, Inc., acting through Robert Michael Newman, purchased a Kenworth model T2000 truck from Kenworth; the sale was handled by Kenworth salesman Bryan Harland. Mr. Newman and Newman Trucking later sued Kenworth and Harland, alleging fraudulent misrepresentation, suppression, breach of contract, and breach of warranties. They alleged that Harland had represented that the truck was new, when, in fact, they alleged, the truck had been used and damaged, had been repaired, had had parts replaced, and had been repainted.
Kenworth and Harland answered, raising several affirmative defenses and alleging that the plaintiffs’ claims were subject to an arbitration agreement. They moved the circuit court to stay the court proceedings and to compel arbitration; they attached to their motions a copy of the “buyer’s order,” which contains an arbitration agreement they allege Mr. Newman signed when he purchased the truck. Kenworth and Harland also offered in support of their motion the affidavit of Ken-worth’s president and general manager, Robert Mitchell; in that affidavit, Mitchell stated that Mr. Newman signed the buyer’s order; that the buyer’s order contains a conspicuous arbitration provision; that the truck at issue was “manufactured outside of Alabama and shipped into Alabama across state lines”; and that “[i]ts intended and stated use was to transport items across state lines.”
The circuit court scheduled a hearing on the motion to stay and to compel arbitration for February 3, 2000. The plaintiffs filed a response, to which they attached an affidavit of Mr. Newman, which reads in relevant part:
“4. Harland asserts that he brought the paperwork on the [truck] when he brought the truck to Fayette County. I do not recall seeing any paperwork at that time, or signing an arbitration agreement. I have reviewed the signature on the first page of the paperwork that purports to be mine. I do not recall ever seeing that page. I know *229 that I have never seen the page that contains the arbitration language.
“5. In December 1999, after this suit was filed, Harland came to my office in Belk, Alabama. Harland stated on that occasion that Kenworth of Birmingham didn’t know if the arbitration agreement was signed by me, and that Kenworth of Birmingham was interested in settling the case. He stated that they weren’t sure who had signed the agreement, whether it was me, or my father, or my secretary, or someone else. Furthermore, Harland stated that on occasion Kenworth of Birmingham signed arbitration agreements on behalf of their customers, affixing to the documents signatures that purported to be those of their customers.”
On the day of the hearing on the motion to stay and to compel arbitration, Ken-worth and Harland moved in open court to continue the hearing and requested leave to conduct discovery. The circuit court rescheduled the hearing on the motion for May 18, 2000, and ordered that discovery would not be stayed pending the hearing, and that discovery would not be limited to the issue of the genuineness of the signature on the buyer’s order containing the arbitration provision.
Kenworth and Harland noticed Mr. Newman’s deposition for March 8, 2000. The plaintiffs noticed Harland’s deposition and that of Kenworth’s corporate representative for the same date. A week before that date, Kenworth and Harland moved for what they called a “reconsideration” and to stay discovery, arguing that they had made a prima facie showing that the arbitration agreement was enforceable. On March 6, 2000, the trial judge denied that motion and further stated that “there is no ‘prima facie showing that the arbitration agreement is enforceable.’ ” He then set the motion to compel arbitration for a hearing on May 18, 2000. Kenworth and Harland petitioned for the writ of mandamus before the hearing could be held.
II.
Kenworth and Harland ask this Court to order the trial judge to vacate his two orders allowing unrestricted discovery. In one of those orders, the trial judge stated that Kenworth and Harland had not made a prima facie showing that the arbitration agreement is enforceable. This Court is not reviewing a trial court’s order denying a motion to compel arbitration; the trial court has yet to conduct a hearing on the motion to compel arbitration, and it has not properly ruled on that motion. See Allied-Bruce Terminix Cos. v. Dobson, 684 So.2d 102, 108 (Ala.1995)(a trial court is “to hold a hearing and determine whether there are genuine issues concerning the making or performance of an agreement to arbitrate”).
The trial court’s orders challenged by the mandamus petition allowed unrestricted discovery. A petition for the writ of mandamus is the proper method for securing review of a trial court’s discovery order. See, e.g., Ex parte Window, 776 So.2d 799 (Ala.2000).
Mandamus is an extraordinary remedy. One seeking the writ of mandamus must show: “(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” Ex parte Edgar, 543 So.2d 682, 684 (Ala.1989); see also Ex parte Alfab, Inc., 586 So.2d 889, 891 (Ala.1991); Ex parte Johnson, 638 So.2d 772, 773 (Ala.1994).
*230 III.
Kenworth and Harland argue that the trial judge abused his discretion by allowing unrestricted discovery pending a resolution of the question whether the plaintiffs must arbitrate their claims. We agree. Although the judge did not err in allowing the parties to conduct discovery, he did err in failing to restrict that discovery to the question whether the plaintiffs had agreed to arbitrate their dispute with Kenworth and Harland. See Ex parte Jim Burke Auto., Inc., 776 So.2d 118, 121 (Ala.2000). Thus, we grant Kenworth and Harland’s petition and direct the trial judge to vacate his orders of February 8, 2000, and March 6, 2000.
PETITION GRANTED AND WRIT ISSUED.
HOOPER, C.J., and MADDOX, HOUSTON, SEE, LYONS, BROWN, JOHNSTONE, and ENGLAND, JJ., concur.