864 So.2d 1064 (2003)
Ex parte Charles M. OLIVER III.
(In re Spencer Wood, a minor, by and through his mother and next friend, Jamie Carlton Wood; and Jamie Carlton Wood, individually v. Charles M. Oliver III et al.)
1020424.
Supreme Court of Alabama.
May 9, 2003.
*1065 George P. Ford of Ford, Howard & Cornett, P.C., Gadsden, for petitioner.
Clay Hornsby of Morris, Haynes & Hornsby, Alexander City; and Thomas King, Gadsden, for respondents.
STUART, Justice.
The petitioner, Charles M. Oliver III, is one of several defendants in a civil action pending in the Etowah Circuit Court. Since filing his petition for a writ of mandamus, he has also been indicted by an Etowah County grand jury for four counts of first-degree assault,[1] see § 13A-6-20, Ala.Code 1975, arising out of the same incident that gave rise to the civil action. Oliver petitions this Court for a writ of mandamus directing Judge William H. Rhea III to stay the proceedings in the civil action pending resolution of the criminal proceedings.

Facts
On January 31, 2002, Oliver was driving a tractor-trailer hauling a mobile home, when he hit a vehicle occupied by Jamie Carlton Wood and her nine-year-old son Spencer. Wood and her son were severely injured. Neither of them had health insurance, and medical treatment for their injuries was and continues to be expensive. On February 11, 2002, Wood and her son sued Oliver and several other entities. The claims against Oliver include negligence and wantonness.
On October 16, 2002, Oliver moved the trial court to stay the civil action pending "resolution of the criminal investigation against [him] which arose from the same operative facts and events involved in this civil action, and pending the resolution of any criminal charges formally brought *1066 against him by indictment subsequent hereto." As grounds for his motion, Oliver maintained that the return of an indictment appeared to be imminent, and that, in light of the propounded interrogatories and the requests for a deposition in the civil action, "his right against self-incrimination pending resolution of criminal charges against him outweigh[ed] any prejudice that [might] result from postponing the civil action."
In response to Oliver's motion to stay, the Woods maintained that, in light of the failure of three grand juries convened since the incident to return an indictment charging Oliver, their withdrawal of the deposition notice to Oliver, and their request to "compel [Oliver] to answer only those discovery requests (interrogatories and request for production) which are non-incriminating in nature," Oliver's motion to stay the civil action was moot.
On November 14, 2002, the trial court, after considering Oliver's motion to stay, the Woods' response, and oral and written arguments from counsel, held that Oliver's motion to stay was moot, apparently because no criminal proceedings had been commenced against Oliver.
On December 12, 2002, Oliver filed this petition for a writ of mandamus, arguing that the trial court abused its discretion in refusing to stay the civil proceedings because, he says, his constitutional privilege against self-incrimination outweighs the Woods' interest in obtaining a prompt resolution of the civil action. Additionally, he requested that this Court stay the trial in the civil action, which was set to begin on February 10, 2003. On January 17, 2003, Oliver informed this Court that the Etowah County grand jury had returned an indictment charging him with four counts of first-degree assault arising from this accident.
On January 27, 2003, this Court stayed the civil proceedings pending disposition of this petition and ordered the Woods to file an answer and brief.

Standard of Review
"Mandamus is an extraordinary remedy and one seeking it must show (1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) a lack of another remedy; and (4) properly invoked jurisdiction of the court." Ex parte Windom, 763 So.2d 946, 948 (Ala. 2000).

Legal Analysis
The dispositive issue presented by this petition is whether, given the principles of the Fifth Amendment privilege against self-incrimination, the trial court abused its discretion in denying Oliver's motion for a stay of proceedings in the civil action pending the resolution of any criminal proceeding arising out of the accident.
"The Fifth Amendment privilege against self-incrimination must be liberally construed in favor of the accused, Hoffman v. United States, 341 U.S. 479, 71 S.Ct. 814, 95 L.Ed. 1118 (1951), and the privilege is applicable in state as well as in federal proceedings, Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964), and in civil as well as in criminal proceedings, Wehling v. Columbia Broadcasting System, 608 F.2d 1084 (5th Cir.1979); Ex parte Baugh, 530 So.2d 238 (Ala.1988). Under Baugh and the cases quoted and cited therein, however, the Fifth Amendment does not mandate a stay of civil proceedings pending the outcome of criminal proceedings; whether to grant a stay, based on a balancing of the interests of the partiesi.e., contrasting the interest of a party in postponing the civil proceedings with the possible prejudice to *1067 the party who wishes the litigation to go forwardis within the trial court's discretion."
Ex parte Pegram, 646 So.2d 644, 645-46 (Ala.1994).
In Ex parte Price, 698 So.2d 111 (Ala. 1997), this Court held that discovery could continue in a civil proceeding that involved incidents that were also under criminal investigation if the defendant was not required to testify or to produce potentially incriminating documents.
At the time Oliver moved the trial court to stay the civil proceedings and the trial court held that the motion was moot, an indictment had not been returned against Oliver and the Woods had modified their discovery requests to protect Oliver's privilege against self-incrimination. It appears that the trial court balanced the interests of the parties and concluded that the civil action could proceed in a limited way. See Ex parte Price, supra. Therefore, we cannot say that Oliver has established a clear legal right to the relief requested.
Moreover, we note that this case is distinguishable from Ex parte Williams, 775 So.2d 146 (Ala.2000), in which this Court stayed the civil proceedings in light of the potential for criminal proceedings. In Williams, the plaintiffs in the civil action refused to limit their discovery in light of the defendant's Fifth Amendment right against self-incrimination. This Court held that Williams had presented a clear legal right to the stay because the only means to guarantee that Williams's right against self-incrimination, in light of the plaintiffs' refusal to limit discovery, was to stay the civil proceedings. Here, the Woods have modified and limited their discovery in light of Oliver's privilege against self-incrimination; therefore, Oliver has failed to show a clear legal right to the stay or that the trial court had an "imperative duty" to grant his request.
This Court recognizes that after the trial court held Oliver's motion for a stay moot and after Oliver filed this petition, the grand jury returned an indictment against Oliver. In light of the return of the indictment against Oliver and the need to guarantee Oliver's Fifth Amendment privilege, our caselaw, see Ex parte White, 551 So.2d 923 (Ala.1989), and its progeny, requires that a stay of the civil proceedings be issued to guarantee Oliver's Fifth Amendment privilege. Oliver, however, has not presented this change in circumstancethe return of the indictment, which creates an imperative duty for the trial court to stay the civil proceedingsto the trial court. This Court will not direct a court to take some action it has not previously refused to take. See Ex parte Windom, supra. Therefore, while a stay of the proceedings in the civil action is proper in light of the new fact presented by the issuance of an indictment, we cannot issue a writ staying those proceedings on this ground until the trial court refuses to do so.

Conclusion
Oliver has not shown that when he moved for a stay of the proceedings in the civil action he had a clear legal right to the relief sought or that the trial court had an "imperative duty" to grant the stay, but refused to do so. Therefore, we deny the petition.
PETITION DENIED.
HOUSTON, SEE, LYONS, BROWN, and HARWOOD, JJ., concur.
MOORE, C.J., and WOODALL, J., concur in the result.
JOHNSTONE, J., concurs in part and dissents in part.
*1068 JOHNSTONE, Justice (concurring in part and dissenting in part).
But for one reservation, I concur. The reservation is that I would not agree that a civil defendant facing the prospect of indictment could be put to trial fairly in the civil case over his objection, even if he were not required to testify and even if the plaintiff were not allowed to argue the defendant's silence against him. Such a trial, even with these accommodations, would confront the defendant with the unfair dilemma of either waiving his right to testify in his own defense in the civil trial or waiving his right not to incriminate himself in the prospective criminal proceedings.
NOTES
[1] Counts one and two charged Oliver with reckless conduct resulting in injuries to the victims; counts three and four charged Oliver with driving under the influence of a controlled substance and thereby causing injuries to the victims.