BOLIN, Justice.
Wal-Mart Stores, Inc., a defendant in a civil case pending in the Escambia Circuit Court, petitions for a writ of mandamus directing the trial court to dismiss the case on the ground that venue in Escambia County is improper or, in the alternative, on the ground oí forum non conveniens. We deny the petition.

I. Facts and Procedural History

Gloria Renee Wolfe, a resident of Es-cambia County, alleges that on October 11, 2010, while shopping with her sister at a Wal-Mart store in Franklin, North Carolina, she was injured when a bolt of cloth fell from a display shelf and struck her upper body, including her neck and shoulder, exacerbating a preexisting condition in her cervical spine and also causing additional injuries.[1] Upon returning home to Alabama, Gloria sought medical treatment from doctors in Mobile County, Escambia County, and Jacksonville, Florida. On November 9, 2010, Gloria and her husband, Thomas Eugene, sued Wal-Mart Stores, Inc., and fictitiously named defendants. Gloria asserted claims of negligence and wantonness; her husband asserted a claim of loss of consortium.
On November 24, 2010, Wal-Mart Stores East, L.P. (“Wal-Mart East”), filed a motion to dismiss pursuant to Rule 12(b)(3), Ala. R. Civ. P., alleging (1) that Wal-Mart East had been incorrectly named in the complaint as Wal-Mart Stores, Inc.; (2) that Wal-Mart East owns the store in North Carolina where the incident allegedly occurred; (3) that Wal-Mart East is a limited partnership organized under the laws of Delaware with its principal place of business in Arkansas; and (4) that Ala.Code 1975, § 6-3-2, governs venue for actions against partnerships.[2] Wal-Mart East asserted in its mo *939 tion to dismiss that pursuant to § 6-3-2 venue for an action against a partnership would be proper in either the county in which a partner resided or the place in which the act complained of occurred. Wal-Mart East further asserted in its motion that because neither of its partners resided in Alabama and because Gloria’s alleged injuries occurred in North Carolina, venue in Escambia County was improper. A hearing was set for Wal-Mart East’s motion to dismiss on December 21, 2010.
On December 18, 2010, the Wolfes moved to strike Wal-Mart East’s motion to dismiss, arguing that they had specifically sued Wal-Mart Stores, Inc., and not Wal-Mart East. The Wolfes asserted that, after performing research in the office of the Secretary of State of Alabama, they deliberately selected Wal-Mart Stores, Inc., which does business by agent in Es-cambia County, Alabama, as the defendant. In the alternative, the Wolfes requested that Wal-Mart East’s motion to dismiss be converted to a motion for a summary judgment and that the trial court “direct [Wal-Mart Stores, Inc., and Wal-Mart East] to produce their corporate doe-uments .... ” The Wolfes’ motion was also set for the December 21, 2010, hearing.
Wal-Mart East thereafter filed a response in opposition to the Wolfes’ motion to strike, attaching the affidavit of Geoffrey W. Edwards, senior associate general counsel with Mal-Mart Stores, Inc., and assistant secretary for Wal-Mart Stores, Inc., who testified regarding the corporate structures of the various entities constituting the network of Wal-Mart stores. Edwards testified in his affidavit that the Wal-Mart store where Gloria was allegedly injured was operated by Wal-Mart East, “a limited partnership whose sole limited partner is WSE Investment, LLC and whose sole general partner is WSE Management, LLC. [Wal-Mart East] is organized under the laws of the State of Delaware and maintains its principal place of business .in Bentonville, Arkansas.”
On December 15, 2010, Wal-Mart Stores, Inc., filed an additional motion to dismiss, arguing that the doctrine of forum non conveniens, codified in Ala.Code 1975, § 6-5-430, required the trial court to dismiss the action.[3] Wal-Mart Stores, Inc., *940 asserted in its motion that taking into account the location where the alleged injury occurred, the convenience of the parties and witnesses, and the interests of justice, North Carolina was the more appropriate forum for litigation of the Wolfes’ action. This motion was also docketed for the December 21, 2010, hearing.
On December 21, 2010, the trial court conducted oral argument regarding the motions to dismiss and the motions to strike. At this hearing, the trial court directed the parties to conduct venue-related discovery; it granted the Wolfes’ request for additional time in which to conduct discovery on the issues presented by Wal-Mart East and Wal-Mart Stores, Inc., in their motions to dismiss; and it entered an order, continuing the hearing on the pending motions until April 5, 2011. Wal-Mart East thereafter propounded venue-related discovery to the Wolfes. The Wolfes moved to strike the discovery because it was issued by Wal-Mart East and not by Wal-Mart Stores, Inc.
On March 15, 2011, Wal-Mart East moved to compel the venue-related discovery. The motions to strike and the motion to compel were also set for the April 5, 2011, hearing. On April 5, 2011, the trial court granted Wal-Mart East’s motion to compel; it afforded the Wolfes an additional 30 days to respond to the venue-related discovery. The trial court, thereafter, continued the hearing on the pending motions to dismiss and the motions to strike until May 17, 2011. On May 17, 2011, the parties appeared before the trial court. The trial court, however, entered an order, stating that “[t]he pending [mjotions in this case are hereby continued generally.”
On August 19, 2011, the Wolfes served Wal-Mart Stores, Inc., with a notice of deposition for one of Gloria’s treating physicians, Dr. Francis Delaine Salter. The notice of deposition indicated that Dr. Salter would produce “[a]ny and all medical records, photographs, bills, x-rays, x-ray reports, correspondence, memoranda and any and all other documents in his files pertaining to Gloria Renee Wolfe.” In a letter, dated August 24, 2011, the attorney for the Wal-Mart entities notified the attorney for the Wolfes of his objection to proceeding with any liability and/or damages-related discovery while the motions to dismiss were pending. In a letter dated August 29, 2011, the attorney for the Wolfes insisted on proceeding with the deposition, explaining that “[ajlthough [Dr. Salter’s] testimony will concern mainly the medical condition of [Gloria], thát condition is relevant to her ability/inability to travel to North Carolina to conduct the litigation there.”
On September 20, 2011, the Wal-Mart entities filed an objection to Dr. Salter’s deposition and a motion for a protective order pursuant to Rule 26(c), Ala. R. Civ. P., to prohibit the Wolfes from conducting liability and damages-related discovery while the Wal-Mart entities’ motions to dismiss remained pending.
On November 8, 2011, the trial court held a hearing on the Wal-Mart entities’ objection to Dr. Salter’s deposition and motion for a protective order. A transcript of that hearing is not before this Court. However, the trial court entered an order overruling the Wal-Mart entities’ objection and denying their motion for a protective order. Wal-Mart Stores, Inc., *941 then petitioned this Court for a writ of mandamus.

II. Standard of Review

“ ‘Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’ Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995).”
Ex parte Perfection Siding, Inc., 882 So.2d 307, 309-10 (Ala.2003).

III. Discussion

At the outset we note that Wal-Mart Stores, Inc., seeks a writ of mandamus challenging the trial court’s November 8, 2011, order overruling the Wal-Mart entities’ objection to Dr. Salter’s deposition and denying their motion for a protective order. In its petition, Wal-Mart Stores, Inc., presents the following issue for our review:
“Whether the trial court abrogated its duty in refusing to dismiss this action on the grounds that Escambia County, Alabama, is an improper venue and a non convenien forum for a falling merchandise case that occurred in Franklin, North Carolina, and instead, ordered merits discovery to commence?”[4]
(Emphasis added.)
In other words, although Wal-Mart Stores, Inc., seeks a writ of mandamus challenging the discovery order, it nevertheless does not request an order from this Court directing the trial court to take any specific action regarding the discovery. Instead, Wal-Mart Stores, Inc., seeks an order from this Court “directing the Honorable Bert W. Rice, Circuit Court of Es-cambia County, Alabama, to dismiss [the Wolfes’] action against both Wal-Mart entities for improper venue and forum non conveniens.”
Wal-Mart Stores, Inc., has not shown a clear legal right to the order sought, i.e., an order directing the trial court to dismiss the Wolfes’ action on the ground that venue is improper in Escambia County and/or on the ground of forum non conve-niens. Specifically, Wal-Mart Stores, Inc., fails to meet the second requirement for a writ of mandamus — an imperative duty upon the respondent judge to perform, accompanied by a refusal to do so. The trial court in the instant case has neither granted nor denied the Wal-Mart entities’ pending motions to dismiss for improper venue and/or for forum non con-veniens. As previously noted, the trial court continued the April 5, 2011, hearing until May 17, 2011, in order for the Wolfes to properly reply to the venue-related discovery propounded by the Wal-Mart entities. On May 17, 2011, however, the trial court entered an order stating that “[t]he pending Motions in this case are hereby continued generally.” Accordingly, the trial court has made no ruling on the Wal-Mart entities’ motions to dismiss. See Ex parte Windom, 763 So.2d 946, 949 (Ala.2000)(“This Court will not, on a mandamus petition, direct a trial court to take some action it has not refused to take.”). In Ex parte Windom, this Court denied Windom’s petition for a writ of mandamus because Windom had not “shown the second requirement for a writ of mandamus— *942 an imperative duty upon the respondent judge to perform, accompanied by a refusal to do so — because the trial judge has not refused to transfer the action.” 763 So.2d at 949. As can be seen from the procedural history of this case, the issue of proper venue hinges largely on the resolution of the identity of the true defendant, i.e., Wal-Mart East or Wal-Mart Stores, Inc. It does not appear from the materials submitted by Wal-Mart Stores, Inc., that the trial court has denied the Wal-Mart entities’ requested relief of dismissal on any of the grounds asserted or that it has refused to hold a hearing to address those grounds.

IV. Conclusion

Based on the foregoing, Wal-Mart Stores, Inc., has not shown a clear legal right to the order sought. Accordingly, its petition for the writ of mandamus is denied.
PETITION DENIED.
MALONE, C.J., and WOODALL, MURDOCK, and MAIN, JJ„ concur.

. The Wal-Mart store at which Gloria alleges she was injured is specifically identified as Wal-Mart Store # 1217, located at 305 Holly Springs Plaza, Franklin, North Carolina.

. Wal-Mart East noted that § 6-3-2, Ala. Code 1975, which governs venue for actions against individuals, also governs venue for actions against partnerships. See Ex parte Burr & Forman, LLP, 5 So.3d 557, 565 (Ala.2008) ("The statute governing venue for individuals, § 6-3-2, Ala.Code 1975, also governs venue for partnerships. For purposes of venue, a partnership is deemed to reside where its partners reside. See Ex parte Miller, Hamilton, Snider & Odom, LLC, [942 So.2d 334 (Ala.2006) ].”).
Additionally, § 6-3-2(a) states, in pertinent part:
*939 'll) All other personal actions, if the defendant or one of the defendants has within the state a permanent residence, may be commenced in the county of such residence or in the county in which the act or omission complained of may have been done or may have occurred."
(Emphasis added.)

. Wal-Mart Stores, Inc., states in its petition that it filed the subsequent motion to dismiss out of an abundance of caution, i.e., apparently in case the trial court determined that Wal-Mart Stores, Inc., and not Wal-Mart East was the proper defendant.
Section 6-5-430, Ala.Code 1975, which requires a trial court to determine whether to accept or to decline jurisdiction of an action based upon a claim arising outside the state, provides as follows, in pertinent part:
"Whenever, either by common law or the statutes of another state or of the United States, a claim, either upon contract or in tort has arisen outside this state against any person or corporation, such claim may be enforceable in the courts of this state in any county in which jurisdiction of the defendant can be legally obtained in the same manner in which jurisdiction could have been obtained if the claim had arisen in this state; provided, however, the courts of this state shall apply the doctrine of forum non conveniens in determining whether to accept or decline to take jurisdiction of an action based upon such claim originating outside this state; and provided further that, if upon motion of any defendant it is shown that there exists a more appropriate forum outside this state, taking into account the location where the acts giving rise to the action occurred, the convenience of the parties and witnesses, and the interests of justice, the court must dismiss the action *940 without prejudice. Such dismissal may be conditioned upon the defendant or defendants filing with the court a consent (i) to submit to jurisdiction in the identified forum, or (ii) to waive any defense based upon a statute of limitations if an action on the same cause of action is commenced in the identified forum within 60 days of the dismissal.”

. Wal-Mart Stores, Inc., appears to imply that the trial court ordered all merit-based discovery to proceed in this case. However, the only discovery the trial court approved was the deposition of Dr. Salter. As previously noted, Dr. Salter's testimony apparently would relate to Gloria’s medical condition as well as to her ability or inability to travel to North Carolina to pursue the litigation there.