Lawrence Dee Weems, Jr., requested the trial court to stay discovery in a civil action filed by him, until the culmination of a criminal proceeding against him. Beverly Weems sued Lawrence Weems for a divorce on September 5, 1995. William Swatek was the attorney for Beverly Weems. As part of the divorce settlement, the court awarded exclusive use and possession of the marital home to Beverly Weems. Swatek and Beverly Weems hired Don Weiffenbach, a private investigator, to check the residence for an outside tap on the telephone lines. On December 8, 1995, while Weiffenbach was checking for the phone tap, Lawrence Weems came on the property and shot Weiffenbach. After being hit in the arm by the bullet, Weiffenbach shot Weems.
On October 11, 1996, Lawrence Weems was indicted for assault with intent to murder, as a result of his shooting Weiffenbach. The trial court granted a continuance in that criminal case. A trial date has not yet been set. On December 8, 1997, Lawrence Weems filed a civil action against Swatek and Beverly Weems, alleging negligent hiring and supervision of Weiffenbach. On January 9, 1998, Swatek filed a notice of deposition for Lawrence Weems to appear on January 15, 1998.
Swatek claims that it is necessary to depose Lawrence Weems so that Swatek and Beverly Weems can begin preparing a defense to the action against them. On January 14, 1998, Lawrence Weems filed a "Motion to Quash and Motion to Stay." He argued that discovery should not take place in the civil action until the culmination of the criminal action against him. He stated that he "would be forced to give up his constitutional rights if he were to have to give a deposition in the civil case prior to the trial of the criminal matter." On January 15, 1998, the trial court denied the motion to stay. Lawrence Weems filed this petition for a writ of mandamus, asking this Court to direct the trial court to vacate its order denying the motion to stay.
"A writ of mandamus is an extraordinary remedy and will be issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another *Page 1013 
adequate remedy; and 4) properly invoked jurisdiction of the court." Ex parte Hill, 674 So.2d 530, 531 (Ala. 1996). We deny the petition, concluding that the trial judge did not err in denying the motion to stay.
The Fifth Amendment to the Constitution of the United States provides that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." This rule against compulsory self-incrimination applies in civil proceedings as well as in criminal proceedings. Lefkowitz v.Cunningham, 431 U.S. 801, 97 S.Ct. 2132, 53 L.Ed.2d 1 (1977). Lawrence Weems argues that any testimony he may be required to give in the civil action might incriminate him in the criminal action. He argues that the two actions are "parallel proceedings" and that that fact requires a stay of the civil action. We disagree. We conclude that the two actions are not parallel proceedings. They are related only to the extent that Weems is a party in each action. The two cases do not involve the same act.
The criminal action involves a determination whether Lawrence Weems assaulted Weiffenbach with the intent to murder. The civil action involves a determination whether Swatek and Beverly Weems negligently hired or negligently supervised Weiffenbach. Weems cites Ex parte Baugh, 530 So.2d 238
(Ala. 1988), for the proposition that a trial judge must stay a civil proceeding until parallel criminal proceedings are resolved. Baugh was different from this present situation because, as stated above, the cases involved here are not parallel proceedings. In Baugh, the civil proceeding and the criminal proceeding were based on the same act — an alleged slander. However, in the present cases, different acts are involved — the alleged negligence by Swatek and Beverly Weems in hiring and supervising Weiffenbach, and Lawrence Weems's shooting of Weiffenbach. The trial judge correctly stated:
 "After having heard the parties . . . and after due consideration . . ., the Court does not see, and no evidence has been presented to this Court [to show, how] the [civil] action pending in this Court is in any way involved with the facts and circumstances surrounding the criminal case . . . ."
Because we conclude that the criminal action against Weems and the civil action filed by Weems are not parallel proceedings, we do not apply the principle stated in Baugh.
Also, in his order denying the motion to stay the trial judge included a safeguard for Weems. The trial judge stated, "If in the course of taking the deposition or the production of documents, the plaintiff contends that any of such documents involves his defense in the criminal case, then the parties may bring same to the Court for an incamera inspection." Thus, if Weems fears that he may incriminate himself in the deposition, then he may request that the trial judge review the requested information to determine whether his answer could incriminate him. According to the trial judge, Swatek and Beverly Weems have stated that they do not desire from Lawrence Weems information that relates to the pending criminal case. If that statement later proves to be wrong, the trial judge can act to protect Weems's Fifth Amendment rights.
Lawrence Weems asks this Court to apply a balancing test to determine whether Swatek and Beverly Weems would be prejudiced by a stay in the civil action. He argues that Swatek and Beverly Weems would not be prejudiced by a delay in the civil action. However, Swatek and Beverly Weems argue that any further delay will prejudice them. Weiffenbach's hiring took place over two years ago. Therefore, they argue that any evidence they could gather in defense of the civil action is already two years old. They argue that any additional delay will make it even more difficult to establish the facts necessary to defend the action. We agree. Also, we conclude that Weems would not be prejudiced if we allow the civil action to proceed, because the two cases are about different acts. Also, the trial judge's safeguard will prevent Weems from being forced to answer questions that might incriminate him.
Given the extraordinary nature of a writ of mandamus, we hold that the trial judge did not err by denying the motion to stay. Weems has not shown that he has a clear *Page 1014 
legal right to an order staying discovery. Therefore, the petition for a writ of mandamus is denied.
WRIT DENIED.
ALMON, HOUSTON, KENNEDY, COOK, SEE, and LYONS, JJ., concur.