MOORE, Judge.
Patience Aileen Salter (“the wife”) petitions this court for a writ of mandamus directing the Mobile Circuit Court (“the trial court”) to vacate an August 19, 2011, order in which it stayed the underlying divorce action pending resolution of a criminal matter against Kirt Lee Stokes (“the husband”). We grant the petition and issue the writ.

Background

The materials submitted by the wife in support of her petition for a writ of mandamus establish the following.[1] On April 7, 2011, the husband filed a complaint seeking a divorce from the wife; the husband alleged that he and the wife had entered into a common-law marriage in 2002. As grounds for the divorce, the husband alleged adultery, as well as physical and mental cruelty. On that same date, the husband sought and obtained a temporary restraining order in which the trial court restrained the wife from having any contact with the husband until such time as a hearing could be held on May 10, 2011. The trial court’s order also included a provision directing the parties to “maintain status quo as to payment of house note or rent, utilities, food, necessities, fixed credit obligations, etc.” The hus *1213 band’s divorce action was assigned case no. DR-11-503610.
On April 14, 2011, the wife filed in the trial court a petition for an order of protection from abuse against the husband. The trial court issued an ex parte order of protection restraining the husband from threatening to commit or committing acts of abuse against, and from having any contact with, the wife and ordering the husband to stay away from the wife’s residence, her place of employment, and her children’s school. The wife’s petition was also scheduled for a hearing on May 10, 2011. The trial court assigned the wife’s protection-from-abuse action case no. DR-11-900352.[2]
On May 23, 2011, the wife answered the husband’s divorce complaint and counterclaimed, seeking a divorce, an award of periodic alimony, and a permanent restraining order against the husband. The wife also requested that she be awarded the parties’ homeplace and that the husband be required to pay the outstanding indebtedness thereon. On that same date, the wife filed a motion styled “Instanter Motion For Homeplace, For Support, For Violation of the Status Quo and For a Restraining Order.”
In her instanter motion, the wife alleged, in pertinent part:
“3. [The wife] is currently living in her Mother’s home with ten (10) other individuals including her two (2) minor children.
“4. [The wife] does not have full-time employment and has been under medical treatment preventing her from even performing her part-time job.
“5. [The husband] cut off [the wife’s] cell phone, has failed to pay the truck note on [the wife’s] vehicle for over three (3) months, has changed the locks on the homeplace without providing [the wife] keys for same, has failed to pay [the wife’s] student loan for over six (6) months and has failed to provide [the wife] with financial support, all in violation of the Court’s Status Quo Order. [The husband] has and is well able to support [the wife] and pay regular monthly bills.
[[Image here]]
“WHEREFORE [the wife] requests that this matter be set for an immediate hearing and that upon completion of the same that this Court order [the husband] to remove himself from the home-place and give [the wife] exclusive possession of the same pending the final outcome of this divorce, to hold [the husband] in contempt for violation of the Status Quo Order and order [the husband] to pay the regular monthly bills of the marriage and to catch up the past due notes, to require [the husband] to pay [the wife’s] attorney a reasonable amount to compensate him for his services to date, and order [the husband] to stay away from [the wife] and have no contact with her in any form or fashion.”
Although the wife’s instanter motion had been scheduled for a hearing on June 24, 2011, that hearing was continued on motion of the husband’s counsel. The trial court rescheduled the hearing for August 3, 2011; that hearing was then continued until August 10, 2011, on motion of the wife’s counsel.
On August 10, 2011, the trial court heard arguments of counsel regarding the wife’s instanter motion. At the beginning of the hearing, the husband’s counsel orally moved the trial court to stay the divorce *1214 action, including any action on the wife’s instanter motion, because the wife had initiated a criminal action against the husband. The following colloquy was the extent of the arguments presented to the trial court at the August 10, 2011, hearing:
“[Husband’s counsel]: Judge, I have a motion requesting that this be stayed. Since this time, [the wife] has sworn a warrant out and my client has been arrested, and we are going to have to go for a hearing wherever he was arrested. That criminal matter needs to be disposed of before he can testify in this court.
“[Trial court]: Mr. Watters [the wife’s counsel], do you wish to be heard?
“[Wife’s counsel]: Yes sir, Your Hon- or. Basically, Your Honor, this is for support....
“My client has been without support since the husband filed for divorce back in April ... on April the 7th of this year. He has cut off — there are two pieces of real property. One is the homeplace. He changed the lock on the home-place ....
“[Husband’s counsel]: Judge, I’m going to object to [the wife’s counsel] — he’s not—
“[Trial court]: Really, just procedurally, does your client or do y’all dispute that there is a warrant pending, a criminal warrant pending?
“[Wife’s counsel]: No sir, not at all.
“[Trial court]: All right. I’m going to grant Mr.—
“[Wife’s counsel]: Judge, I wish to be heard on the record.
“[Trial court]: Mr. Watters, whatever you wish to say, say it.
“[Wife’s counsel]: Thank you, sir. All right. There are two—
“[Trial court]: But I don’t want you to make a rendition of facts, things that will come from the witness stand. If you have some legal argument as to why this matter shouldn’t be stayed pending—
“[Wife’s counsel]: He is violating the status quo. There is immediate relief that needs to be due my client. And Your Honor is putting my client through difficulty by failing to rule that the [husband] ... is supposed to provide support to my client while this matter is pending. She is behind in her credit cards, her — she’s had to—
“[Trial court]: Look, the only thing I really — the legal argument as to whether or not the case has to be stayed because of the pending criminal matters involving—
“[Wife’s counsel]: Judge, there is no reason for it to be stayed regarding the pending criminal matters as far as violation of the restraining order, Judge. He can testify regarding anything involving the assets he owns jointly with her that he is preventing her from obtaining and causing her financial difficulty. That is all that’s going — that can be testified to without any violation of his rights regarding any arrest for violation of the restraining order.
“[Trial court]: All right. Your objection is noted. I’m going to stay this matter. And as soon as the criminal matters are resolved, notify the court and this will be immediately set for hearing.”
On August 19, 2011, the trial court entered its order, staying the divorce action pending the resolution of the husband’s criminal charges. On August 29, 2011, the wife filed this mandamus petition requesting that this court direct the trial court to vacate its August 19, 2011, order and to conduct an evidentiary hearing on the issues raised in the wife’s instanter motion.

*1215
Analysis

“ ‘ “Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995)....’
“Ex parte Liberty Nat’l Life Ins. Co., 888 So.2d 478, 480 (Ala.2003).”
Ex parte Progressive Specialty Ins. Co., 31 So.3d 661, 663 (Ala.2009). “Mandamus will be granted only where an abuse of discretion is shown.” Ex parte McMahan, 507 So.2d 492, 493 (Ala.1987).
In response to the wife’s instanter motion, the husband moved for a stay, asserting that the criminal matter pending against him must be resolved before the husband could testify in the divorce action. We construe the husband’s motion as an assertion of his Fifth Amendment right not to incriminate himself. The wife asserts that the trial court exceeded its discretion in granting the husband’s motion to stay the divorce action and that, by improperly staying the divorce action, the trial court has wrongfully denied her instanter motion for temporary support and possession of the homeplace without a hearing.
In Ex parte Rawls, 953 So.2d 374 (Ala.2006), our supreme court addressed a husband’s motion requesting that divorce proceedings be stayed pending resolution of criminal charges that had been filed against him by his wife. Id. at 376. The criminal charges at issue in Ex parte Rawls stemmed from the husband’s alleged violation of a protective order and his alleged stalking and harassment of the wife. Id.
The husband sought to stay the divorce proceedings, asserting, among other things, that a civil trial would violate his privilege against self-incrimination under the Fifth Amendment of the United States Constitution. Id. at 377. The trial court denied the husband’s motion for a stay, and the husband sought mandamus relief. Id. This court affirmed the trial court’s ruling without an opinion, and the husband sought further mandamus review by the Alabama Supreme Court. Id.
In reviewing the correctness of the trial court’s ruling, the supreme court in Ex parte Rawls stated:
“This Court stated in Ex parte Baugh, 530 So.2d 238, 241 (Ala.1988):
“ ‘Under the Fifth Amendment to the Constitution of the United States, “no person ... shall be compelled in any criminal ease to be a witness against himself.” The privilege against self-incrimination must be liberally construed in favor of the accused or the witness, Hoffman v. United States, 341 U.S. 479, 71 S.Ct. 814, 95 L.Ed. 1118 (1951), and is applicable not only to federal proceedings but also to state proceedings, Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964). “The fact that the privilege is raised in a civil proceeding rather than a criminal prosecution does not deprive a party of its protection.” Wehling v. Columbia Broadcasting System, 608 F.2d 1084 (5th Cir.1979), citing with approval Lefkowitz v. Cunningham, 431 U.S. 801, 9[7] S.Ct. 2132, 53 L.Ed.2d 1 (1977); McCarthy v. Amdstein, 266 U.S. 34, 45 S.Ct. 16, 69 L.Ed. 158 (1924).’
“The United States Constitution, however, does not mandate that under all circumstances the civil proceedings in which the privilege against self-incrimination is asserted be stayed; whether to *1216 stay those proceedings is within the trial court’s discretion.
“ ‘While the Constitution does not require a stay of civil proceedings pending the outcome of potential criminal proceedings, a court has the discretion to postpone civil discovery when “justice requires” that it do so “to protect a party or persons from annoyance, embarrassment, oppression, or undue burden or expense.” Rule 26(c), Ala. R. Civ. P.’
“Ex parte Coastal Training Inst., 583 So.2d 979, 980-81 (Ala.1991).
“In the present case, three issues must be addressed to determine if a stay in the civil divorce proceedings based on Fifth Amendment concerns in a pending criminal action is warranted: (1) whether the civil proceeding and the criminal proceeding are parallel, see Ex parte Weems, 711 So.2d 1011, 1013 (Ala.1998); (2) whether the moving party’s Fifth Amendment protection against self-incrimination will be threatened if the civil proceeding is not stayed, see Ex parte Windom, 763 So.2d 946, 950 (Ala.2000); and (3) whether the requirements of the balancing test set out in Ex parte Baugh, 530 So.2d at 244, and Ex parte Ebbers, 871 So.2d 776, 789 (Ala.2003), are met.”
Ex parte Rawls, 953 So.2d at 378.
In Ex parte Rawls, supra, our supreme court addressed in detail the balancing test, which it referred to as issue (3), and stated:
“More recently, this Court in Ex parte Ebbers, [871 So.2d 776 (Ala.2003) ], elaborated on that balancing test. In Eb-bers, this Court undertook to catalogue a list of factors identified in federal cases as factors that might be considered in applying the balancing test. The factors included, but are not limited to:
“ ‘1. The interest of the plaintiff in proceeding expeditiously with the civil litigation, or any particular aspect of it, and the potential prejudice to the plaintiff of a delay in the progress of that litigation.
“ ‘2. The private interest of the defendant and the burden that any particular aspect of the proceedings may impose on the defendant.
“ ‘3. The extent to which the defendant’s Fifth Amendment rights are implicated/the extent to which the issues in the criminal case overlap those in the civil case.
“ ‘4. The convenience of the court in the management of its cases, and the efficient use of judicial resources.
“‘5. The interest of persons not parties to the civil litigation.
“‘6. The interest of the public in the pending civil and criminal litigation.
“ ‘7. The status of the criminal case, including whether the party moving for the stay has been indicted....
“ ‘8. The timing of the motion to stay.’ ”
953 So.2d at 385 (quoting Ex parte Ebbers, 871 So.2d 776, 789-90 (Ala.2003)). In Ex parte Ebbers, supra, our supreme court recognized that a trial court must make a highly fact-dependent inquiry into the particular circumstances and competing interests involved when parallel civil and criminal actions coexist. 871 So.2d at 790. The court also recognized that “ ‘[a] motion to stay [a civil matter] during the pendency of a parallel criminal proceeding is not properly granted upon speculative or con-clusory grounds.’ ” 871 So.2d at 788 (quoting Ex parte Hill, 674 So.2d 530, 533 (Ala.1996) (addressing a motion to stay discovery in a civil proceeding on the basis of pending criminal charges)).
*1217 In ruling on the husband’s motion to stay, the trial court was, therefore, required to consider the three issues identified in Ex parte Rawls, supra, including the fact-specific balancing test set out in Ex parte Ebbers. The trial court, however, refused to allow the wife’s counsel to argue the specific facts of this case. The transcript from the hearing held on the wife’s instanter motion and the husband’s motion to stay the divorce action fails to identify the basis of the husband’s criminal charges other than to indicate that those charges related to the husband’s alleged violation of the trial court’s restraining order. That transcript also lacks sufficient facts for the trial court to have conducted the fact-intensive analysis required under Ex parte Rawls, supra, and Ex parte Eb-bers, supra.
We, therefore, agree with the wife that the trial court exceeded its discretion in granting the husband’s motion to stay. We grant the petition and issue a writ directing the trial court to vacate its August 19, 2011, order. The trial court is instructed to conduct a hearing sufficient to allow it to address the three factors identified in Ex parte Rawls, supra, and the Ebbers balancing test, as applied to the facts of this case.
PETITION GRANTED; WRIT ISSUED.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.

. In addition to the pleadings and motions filed in the trial court, the wife also submitted to this court an affidavit and various exhibits. Those documents, however, were not before the trial court and, thus, cannot be considered in support of the wife’s petition. See Ex parte Ebbers, 871 So.2d 776, 794-95 (Ala.2003) (recognizing that, on mandamus review, appellate courts look at only those facts before the trial court); and Ex parte Vest, 68 So.3d 881, 885 (Ala.Civ.App.2011) (recognizing that, in ruling on a party’s mandamus petition, this court cannot consider an argument or evidence that a party did not present to the trial court).

. The trial court apparently consolidated the husband’s divorce action, case no. DR-11-503610., with the wife’s protection-from-abuse action, case no. DR-11-900352. Thereafter, all filings were made under case no. DR-11-900352.