THOMAS, Judge.
The Limestone County Department of Human Resources (“DHR”) has filed petitions to terminate the parental rights of S.B. (“the mother”) to her four children, M.L.P., K.F.B., C.L.S., and T.S. (“the children”). The ‘Limestone Juvenile Court held a permanency hearing in the children’s cases on July 10, 2014. The mother was not present at the hearing. The mother’s counsel had filed motions to withdraw on July 2, 2014, which the juvenile court granted on the date of the hearing, leaving the mother unrepresented by counsel at the hearing. After the hearing, the juvenile court entered orders in each case on July 15, 2014, relieving DHR of further responsibility to make reasonable efforts to rehabilitate the mother or to reunite the mother and the children.
The mother filed motions, pursuant to Rule 60(b), Ala. R. Civ. P., seeking relief from the July 15, 2014, orders on August 22, 2014. In those motions, the mother argued that she had not attended the July 10, 2014, hearing because she felt that she had been threatened with arrest by her DHR caseworker, Jennifer Sampieri. The mother appended two affidavits to her motions; . in those affidavits, the mother’s mother, J.G., and J.G.’s fiancé, J.W., each stated that, before the July 10, 2014, hearing, Sampieri had told them that the mother would be arrested if she came to the next hearing.
The juvenile court held another hearing on August 22, 2014. At that hearing, the juvenile court considered in the children’s cases both the mother’s motions seeking relief from the July 15, 2014, orders and the mother’s motions seeking a stay of the trial on the termination-of-parental-rights petitions, which had been set for October 2, 2014. The juvenile court denied both motions in orders entered on August 28, 2014.
The mother filed three petitions for the writ of mandamus in the Alabama Supreme Court on September 11, 2014, and that court transferred the petitions to this court on September 17, 2014, because the petitions fall within this court’s jurisdiction. See Rule 28, Ala. R. Juv. P. (providing that, when the record on appeal is adequate, appeals from judgments in juvenile cases other than those involving delinquency matters lie in the Court of Civil Appeals), and Ala.Code 1975, § 12-8-11 (stating that this court has original jurisdiction of petitions for the writ of mandamus “in relation to matters in which [this] court has appellate jurisdiction”). In each petition, the mother seeks a writ ordering the juvenile court to stay the termination-of-parental-rights trial pending the resolution of a criminal investigation of the mother stemming from allegations of child abuse arising from DHR’s investigations. In each petition, she also seeks a writ requiring the juvenile court to set aside the July 15, 2014, permanency orders relieving DHR of making further reasonable efforts to rehabilitate her.
“ ‘ “Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” ’ ”
Ex parte A.M.P., 997 So.2d 1008, 1014 (Ala.2008) (quoting Ex parte Perfection Siding, Inc., 882 So.2d 307, 309-10 (Ala.2003), quoting in turn Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995)).
*601 DHR has filed a letter-brief response in which it concedes that the mother is entitled to a stay of the termination-of-parental-rights trial. As we explained recently, a court facing the question whether a civil action should be stayed pending a criminal proceeding involving one of the litigants should consider three factors:
‘“(1) whether the civil proceeding and the criminal proceeding are parallel, see Ex parte Weems, 711 So.2d 1011, 1013 (Ala.1998); (2) whether the moving party’s Fifth Amendment protection against self-incrimination will be threatened if the civil proceeding is not stayed, see Ex parte Windom, 763 So.2d 946, 950 (Ala.2000); and (3) whether the requirements of the balancing test set out in Ex parte Baugh, 530 So.2d [238,] 244 [(Ala.1988) ], and Ex parte Ebbers, 871 So.2d 776, 789 (Ala.2003), are met.’ ”
R.M. v. Elmore Cnty. Dep’t of Human Res., 75 So.3d 1195, 1201 (Ala.Civ.App.2011) (quoting Ex parte Rawls, 953 So.2d 374, 378 (Ala.2006)). DHR specifically concedes that the mother’s constitutional right to be free from self-incrimination under the Fifth Amendment to the United States Constitution outweighs any prejudice that might result from the delay in the termination-of-parental-rights trial.
The mother argues, and DHR concedes, that, like the termination-of-parental-rights and criminal proceedings in R.M., the termination-of-parental-rights action and the criminal investigation and likely criminal prosecution by the district attorney’s office in the present case are parallel because they arise from the same allegations of child abuse against the mother.[1] See R.M., 75 So.3d at 1201-02. Furthermore, the mother and DHR agree that, as was the case in R.M., the mother’s Fifth Amendment rights would be threatened by the questioning of the mother during the termination-of-parental-rights trial. See id. at 1202-03. Finally, DHR concedes that the mother’s Fifth Amendment rights outweigh the potential prejudice to DHR, even considering the need for permanency and stability for the children in a termination-of-parental-rights action. See id. at 1204 (quoting Lowe v. Lowe, 561 So.2d 240, 243 (Ala.Civ.App.1990)) (noting that a parent in a termination-of-parental-rights action is facing the termination of his or her fundamental parental rights to his or her children and stating that “ ‘[requiring a party to surrender one constitutional right in order to assert another is not allowed’ ”). We conclude, therefore, based on DHR’s concession, that the mother is entitled to have the termination-of-parental-rights trial stayed pending the resolution of the criminal investigation and/or any resulting criminal prosecution of the mother based on the allegations arising from DHR’s investigation of her. The mother’s petitions are granted insofar as she seeks an order directing the trial court to stay the termination-of-parental-rights trial set for October 2, 2014.
However, we cannot consider the mother’s second argument in support of her petitions. As noted above, one requirement that must be established in order for a writ to issue is the lack of another adequate remedy. Seé A.M.P., *602 997 So.2d at 1014. The July 15, 2014, permanency orders were final judgments capable of supporting an appeal. See L.M. v. Jefferson Cnty. Dep’t of Human Res., 68 So.3d 859, 860 (Ala.Civ.App.2011) (explaining that a permanency order relieving DHR of the responsibility of continuing to make reasonable efforts is a final judgment capable of supporting an appeal); M.H. v. Jefferson Cnty. Dep’t of Human Res., 42 So.3d 1291, 1293 (Ala.Civ.App.2010) (same); and D.P. v. Limestone Cnty. Dep’t of Human Res., 28 So.3d 759, 764 (Ala.Civ.App.2009) (same); cf. In re F.V.O., 145 So.3d 27, 30 (Ala.2013) (concluding that an order containing a finding “only that ‘[reasonable efforts have been made to reunite the mother and child and said efforts have failed’ ” is not equivalent to an order relieving DHR of continuing to make reasonable efforts and further concluding that such “a finding ... was not an adjudication of substantive rights from which an appeal would lie”). Because the mother did not file timely postjudgment motions within 14 days of the entry of the July 15, 2014, permanency orders, the mother sought relief from those orders under Rule 60(b), Ala. R. Civ. P. See Ex parte R.S.C., 853 So.2d 228, 233 & n. 1 (Ala.Civ.App.2002) (explaining that a Rule 60(b) motion may be filed more than 14 days after the entry of a judgment by a juvenile court). The denial of a Rule 60(b) motion will support an appeal. Ex parte King,. 821 So.2d 205, 209 (Ala.2001). The mother failed to file an appeal from the denial of her Rule 60(b) motions, and we cannot consider the propriety of the denial of her motions on a petition for the writ of mandamus. Ex parte R.S.C., 853 So.2d at 234 (explaining that an appeal lies from the denial of a Rule 60(b) motion and that a petitioner would not be entitled to a writ of mandamus because he or she would have an adequate remedy at law); see also Smith v. Smith, 133 So.3d 894, 898 (Ala.Civ.App.2013). Accordingly, insofar as the mother’s petitions seek relief from the denial of her Rule 60(b) motions, those petitions are denied.
2131018 — PETITION GRANTED IN PART AND DENIED IN PART; WRIT ISSUED.
2131019 — PETITION GRANTED IN PART AND DENIED IN PART; WRIT ISSUED.
2131020 — PETITION GRANTED IN PART AND DENIED IN PART; WRIT ISSUED.
THOMPSON, P.J., and PITTMAN, MOORE, and DONALDSON, JJ., concur.

. We note that " 'there does not have to be an existing criminal investigation to stay a civil proceeding on Fifth Amendment grounds,' ” provided there is proof that a party " 'has a reasonable apprehension of criminal prosecution.’ " Ex parte Antonucci, 917 So.2d 825, 830 (Ala.2005) (quoting Braden v. Jim Bishop Chevrolet, Inc., 897 So.2d 1040, 1047 (Ala.2004)). DHR concedes that a criminal prosecution of the mother is "looming," thus indicating that the mother has the requisite "reasonable apprehension of criminal prosecution.” Id.