BRYAN, Justice.
Tanya Butts petitions this Court for a writ of mandamus directing the Clarke Circuit Court to stay the proceedings in the underlying civil case until a criminal case pending against her is completed. Butts contends that a stay in the civil case is necessary to protect her constitutional right against self-incrimination. We deny the petition.
Gaines C. McCorquodale and Butts each own a one-half interest in Hometown Hospice, Inc. (“Hometown”), a hospice business located in Jackson. In July 2014, McCorquodale sued Butts, asserting claims based on allegations that Butts had misappropriated funds belonging to Hometown.[1] The complaint sought money damages and injunctive relief. Also in July 2014, the trial court entered a preliminary *933 injunction prohibiting Butts from any involvement in the operation of Hometown.
On August 5, 2014, Butts filed an answer and counterclaims alleging, among other things, breach of fiduciary duty, libel, and conversion. In her answer, Butts also petitioned for the dissolution of Hometown pursuant to § 10A-2-14.30 et seq., Ala. Code 1975 (allowing the appropriate circuit court to dissolve.a corporation). In petitioning for dissolution, Butts asserted that she and McCorquodale were “deadlocked” in the operation of the corporation. McCor-quodale later elected to purchase Butts’s shares of Hometown in lieu of dissolution, in. accordance with § 10A-2-14.34, Ala. Code 1975. Because McCorquodale elected to purchase Butts’s shares, it became necessary to determine the value of Hometown. However, the parties were unable to agree on the value, and McCorquodale consequently asked the trial court to determine Hometown’s value. See § 10A-2-14.34(d). At that point, the immediate focus of the civil case became determining the value of Hometown for purposes of § 10A-2-14.34. The trial court scheduled a hearing for January 28, 2015, to determine the value of Hometown. Both sides conducted discovery in the weeks leading up to the scheduled hearing.
On January 15, 2015, Butts was indicted on several counts of theft of property relating to her involvement with Hometown. On January 26, 2015, Butts filed a motion seeking (1) to continue the valuation hearing set for January 28 and (2) to stay the entire civil case pending the resolution of the criminal case against her. Butts contended that she was entitled to the stay based on her right against self-incrimination. McCorquodale opposed the motion both as to a continuance and a stay.
The trial court held the valuation hearing as scheduled on January 28. Butts, concerned about the possibility of waiving her right against self-incrimination in the criminal case, chose not to testify or to present evidence at the hearing. McCor-quodale presented expert evidence regarding the value of Hometown, and Butts’s attorney cross-examined his expert. The trial court asked Butts’s attorney if he wanted to present a valuation expert, but he declined. At the end of the hearing, the trial -court concluded -that- it had received sufficient evidence to decide the valuation issue and stated that.-it would decide that issue within a week to 10 days. However; the trial court also stated that it would hold another valuation hearing if Butts wanted to produce an expert before it made its valuation decision. The trial court did not rule on the larger question whether the remainder of the civil case— other than the valuation issue — should be stayed pending the resolution of the criminal case.
■ About a week after the valuation hearing and before the trial court issued any order regarding the valuation, • Butts petitioned this Court for a writ of mandamus directing the trial court to stay the proceedings in the civil case (including the valuation of Hometown) until the resolution of the criminal case. Butts also sought a stay of the civil case pending our resolution of the mandamus petition; we issued a stay on February 12,, 2015.
“A writ of mandamus is an extraordinary remedy, and it will be ‘issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly, invoked jurisdiction of the court.’ Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala.1993).”
Ex parte Empire Fire & Marine Ins. Co., 720 So.2d 893, 894 (Ala.1998).
*934 Butts argues that, to protect her right against self-incrimination, the trial court must stay all proceedings in the civil case until the criminal case is .completed. In support of that argument, Butts cites her right against self-incrimination guaranteed by both the Fifth Amendment to the United States, Constitution and Art. I, § 6, Ala. Const.1901. The right against self-incrimination guaranteed by Art. I, § 6, is coextensive with that guaranteed by the Fifth Amendment. Ex parte Ebbers, 871 So,2d 776, 786 (Ala.2003); and Hill v. State, 366 So.2d 318, 322 (Ala.1979). The Fifth Amendment provides that “[n]o person ... shall be compelled in any criminal case to be a witness against -himself.” That right against compelled self-incrimination applies to both criminal cases and civil cases. Lefkowitz v. Cunningham, 431 U.S. 801, 97 S.Ct. 2132, 53 L.Ed.2d 1 (1977).
A court addressing whether a civil case should be stayed pending the completion of a criminal case should consider:
“(1) whether the civil proceeding and the criminal proceeding are parallel, see Ex parte Weems, 711 So.2d 1011, 1013 (Ala.1998); (2) whether the moving party’s Fifth Amendment protection against self-incrimination will be threatened if the civil proceeding is not stayed, see Ex parte Windom, 763 So.2d 946, 950. (Ala.2000); and (3) whether the requirements of the balancing test set out in Ex parte Baugh, 530 So.2d [238,] 244 [(Ala.1988) ], and Ex parte Ebbers, 871 So.2d 776, 789 (Ala.2003), are met.”
Ex parte Rawls, 953 So.2d 374, 378 (Ala.2006). “A court has the discretion to stay civil proceedings, to postpone civil discovery, or to impose protective orders and conditions in the face of parallel criminal proceedings against- one of the parties when the interests of justice seem to require.” Ex parte Ebbers, 871 So.2d at 787-88 (thoroughly discussing the right against self-incrimination in civil cases); see also G. Ray Kolb, Jr., and William L. Pfeifer, Jr., Assertion of the Fifth Amendment Privilege Against.. Self-Incrimination in Civil Proceedings, 67 Ala. Law. 40 (2006) (summarizing Alabama caselaw).
Butts argues that she is entitled to a stay in the- civil case simply because she has been indicted for theft of property. That is, she seems to argue-that there is a bright-line rule in which an indictment would automatically cause a stay to issue in the civil case. However, that is not the standard. In making her argument, Butts cites Ex parte Oliver, 864 So.2d 1064, 1067 (Ala.2003), in which this Court stated:
“In light o'f the return of the indictment '[for assault arising from an auto accident] against Oliver and the need to guarantee Oliver’s Fifth Amendment privilege, our caselaw, see Ex parte White, 551 So.2d 923 (Ala.1989), and its progeny, requires that a stay of the civil proceedings [including negligence and wantonness claims based on the accident] be issued to guarantee Oliver’s Fifth Amendment privilege. Oliver, however, has not presented this change in circumstance — the return of the indictment,! which occurred during the pendency of the mandamus petition in this Court and] which creates an imperative duty for the trial court to stay the civil proceedings — to the trial court.”
Butts reads too much into this language. Ex parte Oliver did not eliminate the need — discussed three years later in Ex parte Rawls, supra — to consider other factors besides whether an indictment has issued. See also Ex parte Flynn, 991 So.2d 1247 (Ala.2008) (citing Ex parte Rawls’s three-part statement of the law); Ex parte Dinkel, 956 So.2d 1130 (Ala.2006) (same); Ex parte S.B., 164 So.3d 599 (Ala. *935 Civ.App.2014) (same); Ex parte Salter, 87 So.3d 1211 (Ala.Civ.App.2012) (same); and R.M. v. Elmore Cnty. Dep’t of Human Res., 75 So.3d 1195 (Ala.Civ.App.2011) (same). Ex' parte Oliver suggests that, once Oliver was indicted during the pen-dency of the mandamus petition in this Court, the totality of the circumstances rendered a stay unavoidable. In that case, the civil claims and the criminal charges neatly paralleled,' and it seemed very likely that Oliver’s right against self-incrimination would be threatened if he were to testify in the civil case.
In this case, a distinction may be made between the proceedings to determine the value of Hometown pursuant to § 10A-2-14.34 and the remainder of the civil case, including the claims alleging that Butts had misappropriated funds from Hometown. The January 28 hearing concerned only the valuation of Hometown. In her January 26 motion, Butts sought both to continue the January 28 hearing and to stay the entire civil case pending the resolution of the criminal Case. Regarding the valuation issue, the trial court proceeded with the January 28 hearing and indicated that it would determine the value of Hometown shortly after the hearing. Although the trial court, by holding the January 28 hearing, denied the motion insofar as it sought a continuance of that hearing, it did not rule on the broader issue whether the remainder of the civil case should be stayed. Thus, it is helpful to separate the valuation proceedings from remainder of the civil case and to address the issues related to each in turn.
Using the framework recited in Ex parte Rawls, we first address whether the valuation proceedings parallel the criminal proceedings in which Butts was charged with theft. In arguing that the proceedings are •not parallel, McCorquodale- cites Ex parte Weems, 711 So.2d 1011 (Ala.1998), which is illustrative.
“In Ex parte Weems, this Court held that the trial judge did not err in denying the motion to stay discovery in a civil action because the civil and criminal actions were not parallel proceedings. In Weems, the ex-wife hired a private investigator to" determine if her telephone line had been tapped after she was awarded the marital home in. the divorce settlement. While the investigator was on the property, the ex-husband came onto the property and shot the investigator in the arm; the investigator then shot the ex-husband. The ex-husband was indicted for assault with intent to murder as a result of shooting the investigator. The ex-husband then sued his ex-wife, alleging negligent hiring and supervision of the private investigator. The trial court refused to grant the ex-husband a stay in his civil proceeding because it found that the criminal action involved a determination as to whether the. ex-husband shot the investigator with intent to. murder, while the civil action involved a determination as to whether the ex-wife was negligent in her hiring and supervising of the investigator.”
Ex parte Rawls, 953 So.2d at 378-79.
In denying the mandamus petition seeking to stay the civil ease in Ex parte Weems, this Court stated:
“We conclude that the two actions are not parallel proceedings. They áre related only to the extent that [the ex-husband] is a party in each action. The two cases do not involve the same act.
“The criminal action involves a determination whether [the ex-husbarid] assaulted [the investigator] with- the intent to murder.' The civil action involves a determination whether [the ex-wife’s attorney] and [the ex-wife] negligently *936 hired or negligently supervised [the investigator]. [The ex-husband] cites Ex parte Baugh, 530 So.2d 238 (Ala.1988), for the proposition that a trial judge must stay a civil proceeding until parallel criminal proceedings are resolved. Baugh was different from this present situation because, as stated above, the cases involved here are not parallel'proceedings. In Baugh, the civil proceeding and the criminal proceeding were based on the same act — an alleged slander.”
711 So.2d at 1013. See also Milton Pollack, Parallel Civil and Criminal Proceedings, 129 F.R.D. 201, 203 (S.D.N.Y.1989) (“Some civil issues are irrelevant to related criminal proceedings. For example, the issue of damages for wrongful death would not arise in most related criminal negligence prosecutions; in such a case, a. stay of the civil proceedings on the issue of damages would rarely be appropriate.”).
In Ex parte Weems, the inquiry involving the attempted murder and the inquiry involving the claims of negligent hiring and negligent supervision did not overlap. Similarly, in this case the narrow question of Hometown’s value is distinct from the question whether Butts ever stole funds from Hometown. The purpose of the valuation hearing was simply to determine the value of Hometown at a given time for purposes of McCorquodale’s election to purchase Butts’s shares of Hometown pursuant to § 10A-2-14.34; the criminal charges against Butts were not relevant to that determination. At the valuation hearing, McCorquodale did not present any evidence regarding Butts’s alleged theft. The hearing was not hampered by the lack of evidence about the alleged theft: the trial court opined that it had sufficient evidence to decide the valuation issue.
Moreover, the distinction between those different issues is highlighted by the relevant dates for valuing Hometown. Section 10A-2-14.34(d), Ala.Code 1975, provides that the value of the shares of a corporation shall be determined as of the day before the petition for dissolution or another date the court deems appropriate under the circumstances. At the hearing, evidence was presented regarding Hometown’s value on two dates: August 4, 2014, ie., the day before Butts filed the petition for dissolution, and January 28, 2015, ie., the day of the healing. Before the earlier of those dates, the trial court had enjoined Butts from any involvement in the operation of Hometown. The indictment does not mention the dates of the alleged theft, but the materials before us do not indicate that Butts allegedly misappropriated funds from the business after she was enjoined from being involved in Hometown’s operation. As MeCorquodale’s attorney noted at the valuation hearing, whatever Butts may have done before August 4 (the earlier of the two proposed valuation dates) was irrelevant to determining Hometown’s value on that date or. on January 28. That is, how Hometown achieved its ultimate value is not important.
.Thus, a determination of the value of Hometown under § 10A-2-14.34 is not a parallel proceeding to the criminal theft charges against Butts. The second issue for consideration enumerated in Ex parte Rawls, ie., whether Butts’s protection against self-incrimination will be threatened if the valuation proceeding continues, is essentially answered by our answer to the parallel-proceeding question. Because the relevant inquiries for the two proceedings are different, her right against self-incrimination is not threatened by the valuation proceeding. This conclusion obviates the need to discuss the third issue in Ex parte Rawls, ie., the balancing of factors discussed in Ex parte Baugh and Ex parte Ebbers. See Ex parte Ebbers, 871 So.2d at 786-87 (stating that the holding in *937 Ex parte Weems that the civil and criminal proceedings were not actually parallel obviated any need for a weighing process). The trial court did not exceed its discretion by holding the valuation hearing, and the trial court would not exceed its discretion by determining Hometown’s value while the criminal case is pending.
We next address whether the remainder of the civil case, ie,, the claims based on the alleged misappropriation of funds and Butts’s counterclaims, should be stayed pending the resolution of the criminal case. It seems evident that there is significant overlap between the remaining issues in the civil case and the criminal case. However, the trial court never ruled on Butts’s motion insofar as it sought to stay that part of the civil case. Based on the trial court’s comments at the January 28 valuation hearing, it appears that the only issue the trial court decided was whether to proceed with the valuation matter. Butts filed the mandamus petition in this Court just a few days after the valuation hearing and before the trial court ruled on whether to stay the remainder of the civil case; we note also that the trial court did not implicitly deny that request and that there is no indication that the trial court refused to rule on it. Because the trial court did not actually rule on whether to stay the remainder of the civil case and because there is no indication that the trial court simply refused to rule on that issue, the trial court has not refused to perform an imperative duty. See Ex parte Empire Fire & Marine Ins., 720 So.2d at 894 (stating that mandamus relief is appropriate only when the trial court has refused to perform an imperative duty). Thus, a writ of mandamus would not be appropriate at the current time; the trial court needs to be given an opportunity to decide the issue. See Ex parte Affinity Hasp., LLC, 85 So.3d 1033, 1038 (Ala.Civ.App.2011) (declining to grant mandamus relief when the trial court had not yet ruled on a motion, noting that there was no indication that the trial court had refused to perform an imperative duty).
We deny the mandamus petition. Butts is not entitled to a stay of that part of the civil case determining the value of Hometown in accordance with § 10A-2-14.34. Because the trial court has not yet ruled on whether the remaining parts of the civil case should be stayed pending the resolution of the criminal case against her, mandamus relief is not presently appropriate on that issue. We anticipate that, upon the issuance of this opinion, the trial court will consider, within a reasonable time, Butts’s motion to stay the remainder of the civil case, other than the valuation determination. We lift the stay of the underlying civil case this Court issued on February 12, 2015.
PETITION DENIED; STAY LIFTED.
MOORE, C.J., and STUART, BOLIN, PARKER, MURDOCK, SHAW, MAIN, and WISE, JJ., concur.

. Lizann Pezent was a co-plaintiff in the civil case against Butts; her claims, however, concern a separate business from Hometown, in which she, McCorquodale, and Butts each owned a one-third interest. Pezent’s claims are not the subject of this mandamus petition.