THOMPSON, Presiding Judge.
T.K. ("the husband") has petitioned this court for a writ of mandamus directing the *785 Houston Circuit Court ("the trial court") to stay all discovery matters and the divorce proceedings to which he is a party, pending a resolution of criminal charges that have been filed against him.[1]
The materials before this court indicate the following. On March 30, 2016, a Henry County grand jury indicted the husband on a charge of sexual abuse in the first degree, in violation of § 13A-6-66, Ala. Code 1975;[2] that action is hereinafter referred to as "the criminal matter." Specifically, the husband was charged with sexually abusing a child younger than 12 years of age. On May 22, 2017, R.K. ("the wife") filed a complaint for a divorce from the husband on the grounds of an irretrievable breakdown of the marriage and incompatibility of temperament ("the divorce proceeding"). The wife sought sole custody of the parties' minor child ("the child").[3] The materials before this court indicate that the child involved in the criminal matter is the parties' child.
In the divorce proceeding, the wife propounded 37 interrogatories on the husband on August 2, 2017. On August 27, 2017, the husband filed in the trial court a motion to stay the divorce proceeding until the trial in the criminal matter was completed. At that time, the trial in the divorce proceeding was scheduled for September 13, 2017, and the trial in the criminal matter was scheduled for November 6, 2017. The husband asserted that if he were required to respond to the wife's discovery requests or to testify in the divorce proceeding before the trial in the criminal matter, his answers would "potentially impinge on [his] constitutional rights" against self-incrimination, as guaranteed by the Fifth Amendment to the United States Constitution. He also stated that the outcome of the criminal matter "would either resolve the divorce matter or would change how [he] would proceed in the divorce matter."
The wife objected to the motion to stay the divorce proceeding, saying that the husband had not yet been ordered to pay any child support and that he was not providing any support to the child. She stated that, if the trial court deemed it necessary, it could grant a continuance but not a stay and require the husband to respond to the discovery requests but "allow [him] to assert his fifth amendment rights as needed in matters concerning discovery."
The husband responded to the wife's objection with a motion for a protective order, stating, among other things, that, based on the nature of the issues involved, the criminal matter and the divorce proceeding were parallel and that the wife had shown that she "intends to attack issues in *786 the [divorce] case which are related to the criminal case."
On September 15, 2017, after a hearing on the motion to stay, the trial court entered an order requiring the husband to provide information for the calculation of child support. The trial court stated that "the husband cannot be compelled to make any statements regarding any sexual abuse by him of the minor daughter"; however, it added, nothing indicated that "responding to discovery unrelated to the criminal case will in any manner impinge upon the husband's Fifth Amendment right against self-incrimination." The trial court further stated that it had reviewed the wife's discovery requests and that they "appear[ed] to be 'standard' discovery requests in a domestic case, with no likelihood that responding by the husband will impinge upon his Fifth Amendment rights." Therefore, the trial court ordered the husband to comply with the discovery requests but indicated that he could make any good-faith objections. The trial in the divorce proceeding was also rescheduled for November 28, 2017. The husband filed the petition for a writ of mandamus on October 27, 2017, 42 days after the entry of the order at issue.
In his petition, the husband contends that the trial court abused its discretion in requiring him to respond to the wife's discovery requests in the divorce proceeding. Specifically, the husband contends that, in refusing to stay discovery, the trial court has deprived him of his Fifth Amendment right against self-incrimination in the criminal matter.
" 'Mandamus is the "proper means of review to determine whether a trial court has abused its discretion in ordering discovery, in resolving discovery matters, and in issuing discovery orders so as to prevent an abuse of the discovery process by either party.' " Ex parte Compass Bank, 686 So.2d 1135, 1137 (Ala. 1996), quoting Ex parte Mobile Fixture & Equip. Co., 630 So.2d 358, 360 (Ala. 1993). Mandamus is an extraordinary remedy and one seeking it must show (1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) a lack of another remedy; and (4) properly invoked jurisdiction of the court. Id. This Court has held:
" 'Because discovery involves a considerable amount of discretion on the part of the trial court, the standard this Court will apply on mandamus review is whether there has been a clear showing that the trial court abused its discretion. Rule 26(c), Ala. R. Civ. P., recognizes that the right to discovery is not unlimited, and the trial court has broad powers to control the use of the process to prevent its abuse by any party.'
" Id. (citations omitted)."
Ex parte Windom, 763 So.2d 946, 948 (Ala. 2000).
In Ex parte Rawls, 953 So.2d 374 (Ala. 2006), our supreme court addressed the issue of whether a trial court had correctly denied a husband's motion to stay divorce proceedings pending the outcome of a criminal matter pending against him. The criminal matter involved the husband's alleged violation of a protective order and his alleged stalking and harassment of the wife in that case. The Rawls court provided the framework for determinating whether a stay of divorce proceedings is necessary when criminal charges are pending against one of the parties to a divorce, writing:
"This Court stated in Ex parte Baugh, 530 So.2d 238, 241 (Ala. 1988) :
*787 " 'Under the Fifth Amendment to the Constitution of the United States, "no person ... shall be compelled in any criminal case to be a witness against himself." The privilege against self-incrimination must be liberally construed in favor of the accused or the witness, Hoffman v. United States, 341 U.S. 479, 71 S.Ct. 814, 95 L.Ed. 1118 (1951), and is applicable not only to federal proceedings but also to state proceedings, Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964). "The fact that the privilege is raised in a civil proceeding rather than a criminal prosecution does not deprive a party of its protection." Wehling v. Columbia Broadcasting System, 608 F.2d 1084 (5th Cir. 1979), citing with approval Lefkowitz v. Cunningham, 431 U.S. 801, 9[7] S.Ct. 2132, 53 L.Ed.2d 1 (1977) ; McCarthy v. Arndstein, 266 U.S. 34, 45 S.Ct. 16, 69 L.Ed.[ ] 158 (1924).'
"The United States Constitution, however, does not mandate that under all circumstances the civil proceedings in which the privilege against self-incrimination is asserted be stayed; whether to stay those proceedings is within the trial court's discretion.
" 'While the Constitution does not require a stay of civil proceedings pending the outcome of potential criminal proceedings, a court has the discretion to postpone civil discovery when "justice requires" that it do so "to protect a party or persons from annoyance, embarrassment, oppression, or undue burden or expense." Rule 26(c), Ala. R. Civ. P.'
" Ex parte Coastal Training Inst., 583 So.2d 979, 980-81 (Ala. 1991).
"In the present case, three issues must be addressed to determine if a stay in the civil divorce proceedings based on Fifth Amendment concerns in a pending criminal action is warranted: (1) whether the civil proceeding and the criminal proceeding are parallel, see Ex parte Weems, 711 So.2d 1011, 1013 (Ala. 1998) ; (2) whether the moving party's Fifth Amendment protection against self-incrimination will be threatened if the civil proceeding is not stayed, see Ex parte Windom, 763 So.2d 946, 950 (Ala. 2000) ; and (3) whether the requirements of the balancing test set out in Ex parte Baugh, 530 So.2d at 244, and Ex parte Ebbers, 871 So.2d 776, 789 (Ala. 2003), are met."
953 So.2d at 378 (emphasis added).
Our first inquiry, therefore, is whether the criminal matter and the divorce proceeding are parallel, thereby necessitating a stay of discovery in the divorce proceeding. Citing Rawls, 953 So.2d at 380, the husband asserts that there is an overlap between the criminal matter and the divorce proceeding. He argues that because of the broad scope of the wife's discovery requests, he has been called on to answer "matters" that, he says, impinge on his Fifth Amendment rights. Therefore, he says, the two actions must be considered parallel. We note that, in his argument, the husband does not specify what those "matters" are.
In Rawls, our supreme court analyzed whether certain charges against the husband, Bryan, were parallel to issues in the divorce case between Bryan and the wife, Teresa. Our supreme court explained:
"Bryan is charged here with criminal mischief, criminal trespass, and stalking. The criminal-mischief and criminal-trespass charges stem from the incident on October 27, 2004, when he drove his truck into the garage and severely damaged the marital home and Teresa's car. This incident occurred after Teresa filed for divorce.
*788 "Teresa's attorney stated at the hearing on Bryan's motion to stay the divorce proceedings that if those proceedings went forward he would not ask Bryan any questions concerning incidents that occurred after Teresa had filed for divorce. Therefore, concerning the charges of criminal mischief and criminal trespass, there would be no overlap in the criminal and civil cases. The civil divorce proceeding and the criminal proceedings resulting from the criminal-mischief and criminal-trespass charges are thus not parallel proceedings.
"However, the stalking charge presents a different situation. Section 13A-6-90, Ala. Code 1975, provides: 'A person who intentionally and repeatedly follows or harasses another person and who makes a credible threat, either expressed or implied, with the intent to place that person in reasonable fear of death or serious bodily harm is guilty of the crime of stalking.' A prosecutor must thus prove that a defendant repeatedly followed or harassed the victim to sustain a conviction for stalking.
"Bryan argues that because, in order to prove guilt of stalking, the State must prove repeated actions, the criminal proceeding involving the stalking charge and the divorce proceeding are parallel proceedings. This Court agrees. To prove the stalking charge, the prosecution will possibly need to avail itself of evidence of alleged incidents and alleged abuse by Bryan that occurred before Teresa filed for divorce. Because that criminal proceeding and the divorce proceeding have some overlapping acts, they must be considered parallel proceedings. Therefore, Bryan's motion for a stay cannot be denied on the grounds that these are not parallel proceedings."
953 So.2d at 380.
In Rawls, our supreme court also examined Ex parte Weems, 711 So.2d 1011 (Ala. 1998), in which the trial court's denial of a motion to stay discovery in a civil action was affirmed because our supreme court determined that the civil and criminal actions were not parallel proceedings. The Rawls court explained:
"In Ex parte Weems, this Court held that the trial judge did not err in denying the motion to stay discovery in a civil action because the civil and criminal actions were not parallel proceedings. In Weems, the ex-wife hired a private investigator to determine if her telephone line had been tapped after she was awarded the marital home in the divorce settlement. While the investigator was on the property, the ex-husband came onto the property and shot the investigator in the arm; the investigator then shot the ex-husband. The ex-husband was indicted for assault with intent to murder as a result of shooting the investigator. The ex-husband then sued his ex-wife, alleging negligent hiring and supervision of the private investigator. The trial court refused to grant the ex-husband a stay in his civil proceeding because it found that the criminal action involved a determination as to whether the ex-husband shot the investigator with intent to murder, while the civil action involved a determination as to whether the ex-wife was negligent in her hiring and supervising of the investigator. Because these were not parallel proceedings involving the same act, the Weems Court denied the ex-husband's petition for a writ of mandamus."
953 So.2d at 378-79.
In Ex parte Salter, 87 So.3d 1211, 1216 (Ala. Civ. App. 2012), this court wrote:
"In Ex parte Ebbers, [ 871 So.2d 776 (Ala. 2003) ], our supreme court recognized that a trial court must make a highly fact-dependent inquiry into the *789 particular circumstances and competing interests involved when parallel civil and criminal actions coexist. 871 So.2d at 790. The court also recognized that " '[a] motion to stay [a civil matter] during the pendency of a parallel criminal proceeding is not properly granted upon speculative or conclusory grounds.' " 871 So.2d at 788 (quoting Ex parte Hill, 674 So.2d 530, 533 (Ala. 1996) (addressing a motion to stay discovery in a civil proceeding on the basis of pending criminal charges))."
In response to the husband's petition in this case, the wife argues that the criminal matter and the divorce proceeding are not parallel and that, therefore, the trial court did not abuse its discretion in ordering the husband to respond to her discovery requests. The wife points out that her grounds for seeking a divorce are the breakdown of the marriage and incompatibility of temperament. The wife further points out that the husband is not seeking custody of the child. Therefore, the wife contends, there are no issues to be proven at trial that overlap with the elements to be proven in the criminal matter. Although this is a close issue, we agree with the wife that, because the grounds she alleges as the basis for a divorce do not involve allegations of abuse of either the child or herself or any other wrongdoing, her allegations can be proven without a determination of whether the husband was involved in sexual misconduct with the child. Therefore, we conclude that the criminal matter and the divorce proceeding are not parallel.
However, we have reviewed the wife's discovery requests and have found that one, Interrogatory 29, overlaps with the criminal matter. That interrogatory asks: "If [the husband had] ever physically abused, sexually or otherwise, [the wife] and/or the minor child, please state the dates and places such abuse occurred, the facts surrounding such abuse, and the names and addresses of any persons present on such occasions."
In Rawls, our supreme court wrote the following regarding allowing discovery to be conducted in a civil proceeding during the pendency of a parallel criminal matter:
"To sustain a moving party's Fifth Amendment right against self-incrimination, " 'it need only be evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result.' " [Ex parte ] Baugh, 530 So.2d [238] at 241 [ (Ala. 1988) ] (quoting Hoffman v. United States, 341 U.S. 479, 486, 71 S.Ct. 814, 95 L.Ed. 1118 (1951) ).
"This Court has found a moving party's Fifth Amendment right against self-incrimination threatened by the discovery process in a civil proceeding. In Ex parte Coastal Training [Inst., 583 So.2d 979 (Ala. 1991) ], supra, this Court discussed the differing nature of discovery in civil and criminal proceedings. The scope of civil discovery is broad, requiring almost complete disclosure; criminal discovery, on the other hand, is much more restricted. Allowing civil discovery to proceed while a criminal case is pending may allow the prosecution in the criminal case to use the broad scope of civil discovery to its advantage. Coastal Training.
"This Court has also found that a moving party's Fifth Amendment right against self-incrimination is threatened when a court requires the party to participate in a deposition or a trial, allowing the party to remain quiet only for specific questions that may incriminate him or her. In Coastal Training, this *790 Court discussed the dangers of allowing a defendant to remain quiet only for specific questions, including the possibility of a criminal investigator's being 'planted' at the deposition in the civil proceeding, the possibility that the defendant could reveal the weak points of the case to a prosecutor by what he or she refuses to answer, and the opportunity for a prosecutor to conduct a point-by-point review of the case to find a " 'link in the chain of evidence' " that would lead to the defendant's conviction. 583 So.2d at 981 (quoting Hoffman v. United States, 341 U.S. at 486, 71 S.Ct. 814 ). Because of these dangers, it may be necessary to stay the civil proceedings in order for the defendant's Fifth Amendment rights to be protected.
"Bryan argues that 'the allegations of the criminal case are so interrelated with this civil case that [Bryan's] testimony will be akin to walking through a field of land mines-each question and answer a potential risk for use against him at a criminal proceeding.' (Bryan's brief at 11.) Bryan argues that because of the overlap in the claims of abuse before the filing of the divorce complaint and the element of a pattern of threats or abuse the prosecutor must prove to prove the stalking charge, his Fifth Amendment rights are threatened by requiring him to continue with the divorce proceeding. We agree that because of the stalking charge (see Part I of this opinion), the dangers discussed in Coastal Training exist here if Bryan is required to continue with the civil divorce proceeding."
953 So.2d at 381-82.
As mentioned, in ordering the husband to respond to the wife's discovery requests, the trial court found that those requests "appear[ed] to be 'standard discovery requests in a domestic case, with no likelihood that responding by the husband will impinge upon his Fifth Amendment rights." Nonetheless, the trial court expressly stated that, in complying with the wife's discovery requests, the husband "may make any specific and good faith objections." Therefore, the husband can tailor his objections to the discovery propounded to assert his Fifth Amendment privilege in response to Interrogatory 29, to the extent that it involves issues in the criminal matter.
The dangers that the courts in Rawls and in Ex parte Coastal Training Institute, 583 So.2d 979 (Ala. 1991), were attempting to protect against in staying discovery in civil proceedings during the pendency of parallel criminal proceedings are not present in this case. The stated grounds for divorce are not interrelated with the criminal matter so as to create any necessary overlap in the proceedings. Refusal to answer one or even a few of the written interrogatories propounded to the husband, as opposed to refusing to answer questions aloud in a deposition or at trial, where a prosecutor or "plant" may be present and which may present "a field of land mines," is highly unlikely to incriminate the husband in the criminal matter in this case or to reveal weak points that can be exploited in the criminal matter.
Our final consideration is whether the balancing test of Ex parte Baugh, 530 So.2d 238, 243-44 (Ala. 1988), weighs in favor of the husband. We first note that, in Ex parte Ebbers, 871 So.2d 776, 789-90 (Ala. 2003), our supreme court elaborated on the balancing test set forth in Baugh by adding a list of factors that have also been identified in federal cases considering motions to stay civil actions pending the resolution of criminal actions. The list now includes the following considerations, which are not exhaustive:
*791 "1. The interest of the plaintiff in proceeding expeditiously with the civil litigation, or any particular aspect of it, and the potential prejudice to the plaintiff of a delay in the progress of that litigation.
"2. The private interest of the defendant and the burden that any particular aspect of the proceedings may impose on the defendant.
"3. The extent to which the defendant's Fifth Amendment rights are implicated/the extent to which the issues in the criminal case overlap those in the civil case.
"4. The convenience of the court in the management of its cases, and the efficient use of judicial resources.
"5. The interest of persons not parties to the civil litigation.
"6. The interest of the public in the pending civil and criminal litigation.
"7. The status of the criminal case, including whether the party moving for the stay has been indicted.
"8. The timing of the motion to stay."
871 So.2d at 789-90 (citations to federal cases omitted); see also Ex parte Rawls, 953 So.2d at 385.
Other than addressing the factors regarding whether the criminal matter and the divorce proceeding are parallel or overlapping, and the extent to which his Fifth Amendment rights would be implicated, the husband provides little or no analysis in his petition regarding the remaining factors. He makes the conclusory assertion that there would be no prejudice to the wife in delaying the divorce proceeding until after the criminal matter is determined. The wife points out that she delayed filing the divorce proceeding because she had hoped the criminal matter would be resolved. However, she says, because of the continuances that have been granted in the criminal matter, and the fact that the husband is not currently supporting the child, the delay in going forward with the divorce proceeding is causing her prejudice.
As discussed, the criminal matter and the divorce proceeding are not parallel proceedings and do not involve overlapping issues. Only 1 of the 37 interrogatories propounded on the husband appears to implicate his right against self-incrimination, and the husband can object to that interrogatory without triggering the concerns raised in Rawls and Coastal Training. As the trial court recognized, the delay in resolving the divorce is costing the wife the opportunity to receive child support from the husband. Contrary to the husband's assertion that the outcome of the criminal matter will resolve the divorce proceeding, it does not appear that the wife's grounds for divorce, i.e., an irretrievable breakdown of the marriage and incompatibility of temperament, will be resolved based on the outcome of the criminal matter. In considering the factors set forth above, we conclude that the balance weighs in favor of the wife, i.e., that a stay of discovery in the divorce proceeding is not necessary.
In reviewing the materials before us and considering the extent to which the husband's Fifth Amendment rights are implicated in responding to the discovery pending in the divorce proceeding, we conclude that the trial court did not abuse its discretion in ordering the husband to comply with the wife's discovery requests in the divorce proceeding. Accordingly, the husband's petition for a writ of mandamus is due to be denied.
The wife has requested an attorney fee in connection with the husband's petition, saying that the relief sought was done so "negligently and vexatiously, and with the *792 full knowledge that counsel for the [wife] took her case on a pro bono/low bono basis." However, based on the materials provided to this court, we cannot conclude that those were the reasons for the husband's decision to file the petition. Accordingly, the wife's request for an attorney fee in connection with this petition for a writ of mandamus is denied.
PETITION DENIED.
Pittman, Thomas, Moore, and Donaldson, JJ., concur.

On November 17, 2017, in a separate order, this court denied the husband's petition to the extent it requested a stay of the divorce trial, scheduled for November 28, 2017, pending the resolution of the criminal matter. There was no evidence in the materials before this court indicating that the husband had requested a stay of the November 28, 2017, trial in the trial court. Thus, there was no adverse ruling for this court to review as to that issue.

Although the indictment charges the husband with a violation of § 13A-6-66, we note that the language used within the indictment, i.e., that the husband, being 16 years of age or older, subjected a child younger than 12 years of age to sexual contact, is a violation of § 13A-6-69.1, Ala. Code 1975. Section 13A-6-66 was amended effective July 1, 2006, to remove subsection (a)(3) (sexual abuse of a child less than 12 years old by one aged 16 years or older); that subsection was placed in 13A-6-69.1, and the offense was increased from a Class C felony to a Class B felony.

The divorce complaint was filed in the Henry Circuit Court but was transferred to the Houston Circuit Court at the husband's request. The wife did not object to the transfer.